AMERICAN RED CROSS AND
TRAVELERS INSURANCE COMPANY *v.*
Billie C. WILSON

74-261 519 S.W. 2d 60

Opinion delivered February 24, 1975

648

*Wright, Lindsey & Jennings,* for appellants.

*Spencer* and *Spencer,* for appellee.

JOHN A. FOGLEMAN, Justice. Mrs. Billie C. Wilson had been executive director of the Union county chapter of the American Red Cross for 28 years preceding December 12, 1971. Part of her duties included taking emergency calls at her home after usual working hours. She was also charged with the sole responsibility for providing Christmas decorations to various nursing homes in the El Dorado area. On December 12, 1971, Mrs. Wilson was in her attic, where the Christmas decorations were customarily stored, when her telephone rang. When she heard it, she gathered up a bundle of the decorations and proceeded down the attic stairway and, on her way down, she slipped and fell and suffered serious injuries. Upon her claim for Workmen's Compensation benefits, the Commission awarded her permanent and total disability. The award was affirmed by the trial court. On appeal, the only contention made by appellants is that there was no substantial evidence to support the award. We find that there was and affirm.

Mrs. Wilson testified that just before the telephone rang she was in the process of gathering the decorations stored there for the purpose of taking them, on the following day, to the Red Cross office at the El Dorado City Hall for making an inventory of them, in order to ascertain what purchases were needed for that year, as she did every year. Before the telephone rang, she had not taken any of the decorations downstairs. Mrs. Wilson had no way of knowing or showing whether the phone call she never answered was a personal one or a Red Cross emergency call. The Commission found that the evidence was clear that appellee was engaged in duties required of her by the American Red Cross at the time

of her injury and that her injury arose out of and in the course of her employment.

Appellants argue that, since it was not shown and was impossible to know, that the telephone call pertained to appellee's duties, the evidence suppporting this finding of the Commission is not substantial. They say her carrying the bundle of decorations downstairs was merely incidental to the primary purpose of answering the telephone.

We agree with appellants that a claimant bears the burden of proving that his injury was the result of an accident that arose in the course of his employment, and that it grew out of, or resulted from the employment. We do not agree, however, with their argument that the Workmen's Compensation Act does not mandate that the Commission view the evidence liberally in favor of the claimant. To the contrary, the Commission, in considering a claim, must follow a liberal approach and draw all reasonable inferences favorably to the claimant. *Holland* v. *Malvern Sand & Gravel Co.*, 237 Ark. 635, 374 S.W. 2d 822. It was the duty of the Commission to draw every legitimate inference possible in favor of the claimant and to give her the benefit of the doubt in making the factual determination. *Brower Manufacturing Co.* v. *Willis*, 252 Ark. 755, 480 S.W. 2d 950; *Herman Wilson Lumber Co.* v. *Hughes*, 245 Ark. 168, 431 S.W. 2d 487. The same rules apply, of course, in determining whether the accident grew out of and occurred within the course of the employment. *Brooks* v. *Wage*, 242 Ark. 486, 414 S.W. 2d 100.

The question, on appeal to the courts, remains the same as on other questions, i.e., was there any substantial evidence upon which the Commission could reasonably make the factual determination. We have said that an injury arises out of employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury, and that it is enough if there be a substantially contributory causal connection between the injury and the business in which the employer employs the claimant, but it need not be the sole or proximate cause. *Simmons National Bank* v. *Brown*, 210 Ark. 311, 195 S.W. 2d 539.

Mrs. Wilson's presence in her attic was attributable to the performance of her duties. The decorations had to be carried downstairs by her at some time. She did pick up some of them to take down when the phone rang and did proceed down the stairway carrying them. Under these circumstances, it is of little consequence whether the nature of the telephone call was personal or business. This court is committed to a view of the term "arising out of and in the course of the employment" which requires a liberal application to allow compensation. *Tinsman Manufacturing Co.* v. *Sparks*, 211 Ark. 554, 201 S.W. 2d 573. In *Tinsman*, we held that slight deviations from the duties of employment do not remove employees from coverage of the act. See also *Cox Bros. Lumber Co.* v. *Jones*, 220 Ark. 431, 248 S.W. 2d 91; *Williams* v. *Gifford-Hill & Co.*, 227 Ark. 340, 298 S.W. 2d 323. Language in these opinions seems to make the consent or acquiescence of the employer a controlling factor in reaching a conclusion that the deviation does not eliminate coverage, in spite of the fact that in *Cox Bros. Lumber* v. *Jones*, the acquiescence was only evidenced by the employer's testimony that the employer had no objection to the employee's crossing the railroad tracks on which he was killed for anything he needed.

There is respectable authority holding that an injury to one, whose duties include answering telephone calls, by falling downstairs while answering a personal private telephone call, is not prevented from "arising out of and in the course of his employment." *In Re Cox*, 225 Mass. 220, 114 N.E. 281 (1916). Of the same tenor are *Kent* v. *Kent*, 202 Iowa 1044, 208 N.W. 709 (1926) and *Holland-St. Louis Sugar Co.* v. *Shraluka*, 64 Ind. App. 545, 116 N.E. 330 (1917) where the same liberal view entertained by this court is emphasized; *Adams* v. *Colonial Colliery Co.*, 104 Pa. Super. 187, 158 A. 183 (1932) where the "slight deviation" test was applied; and *Parisi* v. *City of Niagra Falls*, 245 App. Div. 884, 282 N.Y.S. 310 (1935) where the consent or acquiescence of the employer was given significance.

We find it unnecessary to decide, in this case, whether, under the authority of our cases, a deviation from the regular course of employment must necessarily be with the consent and acquiescence of the employer to be so slight as to be con-

sidered incidental to the employment. In this case the duty of answering telephone calls was imposed upon appellee. Neither she, nor any other such person should be expected to have the prescience which would be necessary to discriminate between personal calls and business emergency calls in determining whether to answer. The duty imposed upon her was, to say the least, evidence of acquiescence in her answering her telephone, even if she had to go down the stairway from her attic to do so. When this evidence is coupled with the fact that appellee did carry with her a part of the decorations she had to take downstairs sometime that day, we find very substantial evidentiary support for the award.

The judgment is affirmed.