Sarah Sue JARBOE *v.* SHELTER INSURANCE COMPANY

94-145                                          877 S.W.2d 930

Supreme Court of Arkansas
Opinion delivered June 20, 1994
[Rehearing denied July 11, 1994.]

*Law Office of Christopher O'Hara Carter, P.A.*, by: *Christopher O'Hara Carter*, for appellant.

*Adams, Nichols & Evans*, by: *Deanna S. Evans*, for appellee.

DONALD L. CORBIN, Justice. Appellant, Sarah Sue Jarboe, appeals a judgment of the Baxter Circuit Court dismissing her complaint against appellee, Shelter Insurance Company. This is the second time she has appealed the dismissal of her complaint

to this court. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(11).

As was the case in the first appeal, the facts are not in dispute. We repeat them here for convenience:

> Shelter was the liability carrier for Lake County Pest Control, which sprayed Jarboe's house on September 5, 1986. [Pest control sued Jarboe for nonpayment.] Jarboe [then filed a counterclaim] alleg[ing] faulty spraying and sued the company and its owner in 1987 for $100,000 for personal injury and damage to her property. Pest Control and its owner then took bankruptcy in 1989, and Jarboe filed this action against Shelter as the liability carrier for Pest Control, though the coverage on Pest Control had lapsed due to nonpayment. Shelter moved to dismiss the complaint, and the circuit judge granted the motion and stated that Shelter "was not required to notify the State Plant Board of nonrenewal."

*Jarboe* v. *Shelter Ins. Co.*, 307 Ark. 287, 288, 819 S.W.2d 9, 10 (1991).

In the first appeal, we reversed the trial court's dismissal finding that Ark. Code Ann. § 17-30-210 (1987) required Shelter to report to the State Plant Board its insured's non-payment of premium. *Jarboe*, 307 Ark. 287, 819 S.W.2d 9. On remand, Shelter pursued a motion to dismiss the complaint based on our direct action statute, Ark. Code Ann. § 23-79-210 (Repl. 1992). The trial court granted the dismissal finding Jarboe's complaint was not allowed under section 23-79-210 because it was a direct action against a liability insurer based on the negligence of its insured. The trial court also stated that Jarboe would not be allowed to substitute Lee V. Morris d/b/a Lake County Pest Control (Pest Control) as the defendant because Jarboe had previously filed a counterclaim against Pest Control which resulted in an involuntary dismissal for failure to prosecute. The one-year period to refile the claim against Pest Control had expired. Thus, Jarboe was not allowed to substitute defendants and the trial court dismissed the complaint against Shelter.

Jarboe now appeals that dismissal, arguing five reasons the dismissal was erroneous. We have considered all five arguments

and conclude they are either without merit or procedurally barred.

First, Jarboe contends Shelter waived its right to a dismissal under section 23-79-210 because the original motion to dismiss was filed prior to the first appeal. This point was not presented to the trial court and we do not address arguments raised for the first time on appeal. *Harvison* v. *Charles E. Davis & Assoc.*, 310 Ark. 104, 835 S.W.2d 284 (1992).

Second, Jarboe contends Pest Control is immune from suit under section 23-79-210 because its owner had filed bankruptcy when the suit against Shelter was filed. This point is wholly without merit. Ark. Code Ann. § 23-89-102 (Repl. 1992) provides that an insurer's liability is not affected by the insured's insolvency. The fact that Pest Control filed a petition in bankruptcy is not the type of immunity contemplated by section 23-79-210.

Third, Jarboe contends Shelter is estopped from asserting its right to dismissal because it was not until suit was filed directly against Shelter that Shelter denied coverage. This argument was not presented to the trial court and is not preserved for our review. *Harvison*, 310 Ark. 104, 835 S.W.2d 284.

Fourth, Jarboe argues she is entitled to file a direct action against Shelter under Ark. Code Ann. § 23-89-101 (Repl. 1992) because she is subrogated to the rights of the insured, Pest Control. This argument was not presented to the trial court and we will not address it. *Harvison*, 310 Ark. 104, 835 S.W.2d 284. However, we take this opportunity to point out that before section 23-89-101 becomes applicable, the injured person must have recovered a judgment against the insured tortfeasor which remains unsatisfied for thirty days. *Swan* v. *Estate of Monette*, 265 F. Supp. 362 (W.D. Ark. 1967), *aff'd* 400 F.2d 274 (8th Cir. 1968).

Fifth, Jarboe contends she is entitled to have her complaint against Shelter relate back to her original complaint against Pest Control under ARCP Rule 15(c). Again, the record does not indicate this point was raised below and we will not address it. *Harvison*, 310 Ark. 104, 835 S.W.2d 284.

All five points are without merit and are furthermore rendered moot by Jarboe's admission in her brief that only one

cause of action exists — the negligence of Lee V. Morris d/b/a Lake County Pest Control. Thus, the trial court was correct in dismissing the complaint. Our direct action statute only allows suits against insurers for the negligence of their insureds when the insurer is a charitable organization or governmental entity. Ark. Code Ann. § 23-79-210. There is no evidence that Shelter is either a charitable organization or a governmental entity. Jarboe could not substitute Pest Control as a defendant because her previous counterclaim against Pest Control had been involuntarily dismissed and the time within which she could refile the counterclaim had expired.

The appeal is wholly without merit and we affirm.