896 S.W.2d 433 (1995)
320 Ark. 333
TECHNICAL SERVICES OF ARKANSAS, INC., D/B/A JPAC Outdoor Advertising Company, Appellant,
v.
Jim C. PLEDGER, Director of Arkansas Department of Finance and Administration, and Timothy J. Leathers, Commissioner of Revenues, Arkansas Department of Finance and Administration, Appellees.
No. 94-1228.
Supreme Court of Arkansas.
April 10, 1995.
*434 Jon. R. Coleman, Robert J. Gibson, Jonesboro, for appellant.
Kenneth R. Williams, Little Rock, for appellees.
ROAF, Justice.
This case involves the interpretation and construction of our sales and use tax, the Arkansas Gross Receipts Act of 1941, as amended, and the Arkansas Compensating Tax Act of 1949, as amended. Appellant's gross proceeds derived from sales of billboard advertising services are not taxed due to a specific exemption for advertising revenues earned by newspapers, publications, and billboard companies granted by the Arkansas Gross Receipts Act. Appellant failed to pay use tax on certain tangible items used in its advertising business, purchased from out-of-state vendors. No sales tax was collected from appellant by these vendors. Appellant claims that its gross proceeds exemption provides a basis for also exempting these items of personal property from the use tax because the items are purchased for use in providing advertising services to its customers. The chancellor ruled the items used in connection with the taxpayer's billboard advertising service are not exempt from the use tax, Ark.Code Ann. § 26-53-106 (Supp.1993). We affirm.
Appellant Technical Services of Arkansas, Inc., d/b/a JPAC Outdoor Advertising Company (Technical Services) is a corporation engaged in the business of billboard advertising. The appellant erects billboards and enters *435 into contracts with its customers to rent or lease billboard advertising space. The Arkansas Department of Finance and Administration (DFA) conducted a use tax audit of Technical Services' records for the audit period of January 1, 1988, through January 31, 1991. Technical Services was assessed a use tax deficiency, plus interest, in the amount of $16,367.13. The DFA assessed the use tax on "painted bulletins, posters, facings, hardware, and paint, purchased out of state for storage, usage, distribution, and consumption in Arkansas." (Emphasis supplied.) After exhausting its administrative remedies, the appellant paid the tax under protest and pursued its challenge in chancery court.
The chancellor found the items in question constituted tangible personal property against which the use tax was properly assessed. The court found that Ark.Code Ann. § 26-52-401(13) (Supp.1993) exempts billboard advertising services from Arkansas sales and use taxes, but expressed "some doubt about these items constituting a service." Further, the trial court found the appellant did not possess an Arkansas retail sales and use tax permit; therefore, the purchases were not exempt as a sale for resale pursuant to Ark.Code Ann. § 26-52-401(12) (Supp.1993).
On appeal, Technical Services submits (1) it was entitled to an exemption under Ark. Code Ann. § 26-52-401(13); (2) the items were exempt under the sale for resale exemption provided by § 26-52-401(12); and (3) the taxation of the use of property in billboard advertising is in violation of the equal protection clause of the Fourteenth Amendment of the United States Constitution.
The standard of review in these cases is well established. A strong presumption operates in favor of the taxing power, and the taxpayer must establish an entitlement to an exemption from taxation beyond a reasonable doubt. Pledger v. C.B. Form Co., 316 Ark. 22, 871 S.W.2d 333 (1994); Pledger v. Baldor Int'l, Inc., 309 Ark. 30, 827 S.W.2d 646 (1992). Tax exemptions are strictly construed against the exemption, and we have written that "to doubt is to deny the exemption." C.B. Form Co., supra. Finally, tax exemption cases are reviewed de novo and the appellate court does not set aside the findings of the chancellor unless they are clearly erroneous. Baldor, supra.

I. Ark.Code Ann. § 26-52-401(13)
Jeff Simmons, a senior tax auditor with the DFA, testified he assessed use tax on the poles, facings, posters, lighting equipment and any and all hardware used to attach the billboard to the pole. Simmons testified he assessed the tax on the items because they were bought out of state and shipped through interstate commerce, and no sales tax was charged. According to the testimony of Bill Levins, general manager of the appellant, "national" clients often provided the prepared posters which the appellant placed directly on the leased billboard. However, for those clients who did not provide their own posters, the appellant acted as an "agent" in securing the poster paper. The clients could buy the paper directly from the poster company if they had credit approval; however, in order to expedite the process, the appellant allowed the poster company to bill the appellant. Mr. Levins testified that the other items taxed were "necessary in performing the services that we supply to our clients." Further, it is significant that Mr. Levins testified the appellant paid sales taxes when it purchased items used in its business from local suppliers.
The appellant contends that pursuant to Ark.Code Ann. § 26-52-401(13) "billboard advertising services" are exempt from the gross receipts tax; therefore, pursuant to Ark.Code Ann. § 26-53-112 (1987), "billboard advertising services," specifically the items of tangible personal property used to provide such services, are also exempt from the use tax. Further, the appellant submits that "services," as contemplated by the legislature in enacting the exemption, means "business." Consequently, the appellant contends no use taxes may be levied against the billboard advertising "business," which includes the items in question. We disagree.
*436 Arkansas Code Ann. § 26-53-106(a) (Supp. 1993) provides:
There is levied and there shall be collected from every person in this state a tax or excise for the privilege of storing, using, distributing, or consuming within this state any article of tangible personal property purchased for storage, use, distribution, or consumption in this state at the rate of three percent (3%) of the sales price of the property.
Arkansas Code Ann. § 26-53-112 (1987) provides in part:
There is specifically exempted from the taxes levied in this subchapter: ...
(2) Sales of tangible personal property on which the tax under the Arkansas Gross Receipts Act, § 26-52-101 et seq., is levied, and any tangible personal property specifically exempted from taxation by the Arkansas Gross Receipts Act, § 26-52-101 et seq., and legislation enacted thereto. (Emphasis added.)
As authority for its claimed exemption from the use tax, the appellant relies upon the reference in § 26-53-112 to tangible personal property exempted by the Gross Receipts Act. Arkansas Code Ann. § 26-52-301 (Supp.1993), gross receipts tax, provides in part:
There is levied an excise tax of three percent (3%) upon the gross proceeds or gross receipts derived from all sales to any person of the following:
(1) Tangible personal property; ...
Arkansas Code Ann. § 26-52-103(4) (Repl. 1992) provides:
"Gross receipts" or "gross proceeds" means the total amount of consideration for the sale of tangible personal property and such services as are herein specifically provided for, whether the consideration is in money or otherwise, without any deduction on account of the cost of the properties sold, labor service performed, interest paid, losses, or any expenses whatsoever....
However, Ark.Code Ann. § 26-52-401 (Supp. 1993) provides in part:
There is specifically exempted from the tax imposed by this act the following: ...
(13) Gross proceeds derived from sales of advertising space in newspapers and publications and billboard advertising services; (Emphasis added.)
In essence, the appellant submits the items in question are "tangible personal property specifically exempted from taxation by the Arkansas Gross Receipts Act" and, consequently, are exempt from the use tax. We hold, however, that the items in question do not fall within the "billboard advertising services" exemption of the Gross Receipts Act. The gross proceeds exemption provided for sales of advertising services does not contemplate that all tangible personal property may be purchased tax free by a billboard advertising business. The exemption from the gross receipts tax simply provides that the "gross proceeds derived from sales" shall not be taxed. Further, the exception from the use tax found in § 26-53-112 exempts only tangible personal property specifically exempted by the Arkansas Gross Receipts Act. The items to be exempted are specifically described and identified in this act.
The purchase and use of the items in question and other tangible personal property used in the operation of the business are not exempt from taxation. The appellant submits the legislature intended to exempt the "business of billboard advertising" from the sales tax. Even assuming such an interpretation, the exemption is for the "gross proceeds derived from sales." There is no exemption for tangible personal property simply because it is used in the conduct of the business. See § 26-53-112.
According to the appellant's interpretation, any items related to the "business" of billboard advertising would be exempt from the gross receipts tax and use tax. The appellant's interpretation requires the Court to conclude the appellant is exempt from the use tax on the items purchased out of state because it would be exempt from the sales tax if the items were purchased in Arkansas. Yet, it is significant that the appellant does not contest the payment of sales tax on items such as rope purchased in Arkansas for use in its "billboard advertising service."
*437 The statutory language, as opposed to the agency interpretation, is controlling when a tax statute is to be interpreted by the Court. Leathers v. Active Realty, Inc., 317 Ark. 214, 876 S.W.2d 583 (1994). Nevertheless, our interpretation is supported by the agency's interpretation of the statute. Arkansas Gross Receipts Tax Regulation GR-48(A)(4) provides:
The term "billboard advertising services" means any and all services rendered in connection with the rental or lease of advertising space on an erection which is affixed to the land for the purpose of posting advertising messages.
Further, regulation GR-48(D) provides:
The gross receipts or gross proceeds derived from the sale of billboard advertising services are exempt from tax. (Emphasis added.)
The interpretation of statutes by an administrative agency, while not conclusive, is highly persuasive. In re Sugarloaf Mining Co., 310 Ark. 772, 840 S.W.2d 172 (1992).
In the alternative, the appellant submits it was acting as an agent for its customers in purchasing the poster paper. The appellant contends the agency relationship is a "service" rendered in connection with the service of billboard advertising. As indicated, we hold the tax was not assessed on the "service" of supplying the poster paper, rather it was assessed against the appellant's use or distribution of the poster paper. The appellant paid for and received the poster paper; such a purchase constitutes a use under the gross receipts act.

II. Sale For Resale
For its second point, the appellant asserts the items are exempt as sales for resale. Arkansas Code Ann. § 26-52-401 provides in part:
There is specifically exempted from the tax imposed by this act the following:
(12)(A) Gross receipts or gross proceeds derived from sales for resale to persons regularly engaged in the business of reselling the articles purchased, whether within or without the state if the sales within the state are made to persons to whom sales tax permits have been issued as provided in § 26-52-202.
(B) Goods, wares, merchandise, and property sold for use in manufacturing, compounding, processing, assembling, or preparing for sale can be classified as having been sold for the purposes of resale or the subject matter of resale only in the event the goods, ware, merchandise, or property becomes a recognizable integral part of the manufactured, compounded, processed, assembled, or prepared products....
The trial court found the appellant did not possess an Arkansas retail sales and use permit, and, therefore, the purchases were not exempt as a sale for resale.
On appeal, the appellant submits it was not required to hold a permit because it is exempted from the sales tax by Ark.Code Ann. § 26-52-401(13). Because we hold the items in question are not exempt under § 26-52-401(13), in order to claim the sale for resale exemption, the appellant is required to hold a retail sales permit.

III. Equal Protection
As its final point on appeal, the appellant submits the Fourteenth Amendment of the United States Constitution prohibits the states from making or enforcing laws that deny any person equal protection of the laws. The appellant contends that the same statute which exempts billboard advertising services also exempts the gross receipts or gross proceeds derived from the sale of newspapers. Ark.Code Ann. § 26-52-401(4) and (13). The appellant submits the unequal enforcement of the two exemptions is unconstitutional. As support, the appellant cites the testimony of Wade Martin, general manager of the Jonesboro Sun, who stated the Jonesboro Sun does not pay a use tax on the ink or the paper used to produce the newspaper.
Although Mr. Martin testified at the trial, there is nothing in the record which indicates this argument was presented to the trial court. We will not decide an argument raised for the first time on appeal. Silvey Companies v. Riley, 318 Ark. 788, 888 S.W.2d 636 (1994); Jarboe v. Shelter Insurance Company, 317 Ark. 395, 877 S.W.2d 930 *438 (1994). Further, there is no indication in the record that the trial court ruled on the appellant's argument. Failure to obtain a ruling, even with respect to a constitutional question, precludes the issue on appeal. Bonds v. State, 310 Ark. 541, 837 S.W.2d 881 (1992); See also Smith v. Leonard, 317 Ark. 182, 876 S.W.2d 266 (1994).
In sum, we hold the appellant is not entitled to an exemption from the use tax, § 26-53-106, on the items in question.
Affirmed.
DUDLEY, J., not participating.