MARSH & McLENNAN OF ARKANSAS
v. Richard P. HERGET, Jr., and Rebsamen Insurance, Inc.

94-766                                          900 S.W.2d 195

Supreme Court of Arkansas
Opinion delivered June 19, 1995

*Williams & Anderson*, by: *John E. Tull III, Philip S. Anderson*, and *Jeanne L. Seewald*, for appellant.

*Mitchell, Williams, Selig, Gates & Woodyard*, by: *Allan Gates* and *J. Lee Covington II*, for appellees.

DONALD L. CORBIN, Justice. Appellant, Marsh & McLennan of Arkansas, Inc., appeals an order of the Pulaski County Chancery Court awarding an attorney's fee to appellee, Richard P. Herget, Jr., pursuant to Ark. Code Ann. § 16-22-308 (Repl. 1994) for his expense incurred in defending an action for breach of contract brought against him by appellant. Because resolution of this appeal requires interpretation or construction of section 16-22-308 and certain rules of this court, our jurisdiction is proper pursuant to Ark. Sup. Ct. R. 1-2(a)(3). Appellant raises three arguments for reversal. We find no merit and affirm the trial court's judgment.

The facts of this case are not disputed. On December 16, 1985, Herget and his employer at that time, Atkins Insurance Corporation, entered into an employment agreement that included a non-compete covenant. Our review of that agreement, as abstracted, reveals its terms did not address payment of an attorney's fee or costs in the event of litigation to enforce it. Appel-

lant acquired Atkins by stock purchase and became assignee of its rights and obligations under the 1985 employment agreement. On January 27, 1992, Herget voluntarily terminated his employment with appellant and immediately went to work for Rebsamen Insurance, Inc.

By complaint filed on May 27, 1992, as amended on July 29, 1992 and on August 31, 1992, appellant sued Herget for violation of the 1985 employment agreement and sued Rebsamen for intentional interference with contract. Appellant also alleged the actions of Herget and Rebsamen violated the Arkansas Trade Secrets Act. Appellant prayed for damages, equitable relief, and an award of its attorney's fee and costs. Herget counterclaimed, alleged the 1985 employment agreement constituted an unreasonable restraint on trade and was void and unenforceable, and prayed for dismissal of appellant's complaint and an award of his attorney's fee pursuant to section 16-22-308[1]. On September 27, 1993, the trial court entered its opinion and order in favor of appellees and dismissed appellant's complaint. No appeal was taken from the September 27 order.

Forty-two days later, on November 8, 1993, Herget filed a motion for attorney's fee pursuant to section 16-22-308 for his expense incurred in defending appellant's dismissed claim. By order filed on March 23, 1994, the trial court granted Herget's motion and allowed him the sum of $106,536.00 for his attorney's fee as the prevailing party in a breach of contract action. This appeal arises therefrom.

## LACK OF JURISDICTION

For reversal, appellant first argues the trial court lacked jurisdiction of the motion for attorney's fee because it was untimely as Herget failed to ask the court to consider or to reserve his right to seek an award of an attorney's fee prior to entry of the September 27 order. Alternatively, appellant argues jurisdic-

---

[1]The pertinent language of section 16-22-308 provides that:

In any civil action to recover on . . . contract . . . for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

tion was lost because the motion was filed more than thirty days after entry of the September 27 order. Appellant relies upon *Temple* v. *Lawson*, 19 Ark. 148 (1857), for his argument. We find appellant's reliance upon that decision is misplaced.

In *Temple*, this court reversed a decree of the chancery side of circuit court that allowed the appellee, an interpleading party, an attorney's fee for his expense incurred nearly three years earlier in filing his bill for interpleader in an action of assumpsit by attachment. The appealed decree directed that payment of the fee be made from the fund the appellee had brought into court. On appeal, this court held the trial court had no power at any time to make an allowance for an attorney's fee to an interpleading party that was payable from the special fund the interpleading party had brought into the court, and more particularly so after the decree in the case had been passed. In dictum, this court also observed that, were it proper to allow the attorney's fee in such a case, the application for the fee should be made at the hearing or before the decree "has been passed." *Id.* at 154. In consideration of its unique facts, we find *Temple* is inapplicable to the present case.

Thus, appellant argues without persuasive authority that the trial court had lost jurisdiction of Herget's fee motion. We reject appellant's argument which, we find, is predicated on the assumption that the fee motion was integral to the merits of the underlying breach of contract action. This assumption is incorrect. Herget's fee motion raised issues collateral to the underlying action. The trial court's decision concerning Herget's entitlement to fees under section 16-22-308 required an inquiry separate from its decision on the merits of the underlying action — an inquiry which could not commence until Herget "prevailed" over appellant in the underlying action. *See White* v. *New Hampshire Dep't of Employment Sec.*, 455 U.S. 445 (1982) (holding the ten-day limit for a Rule 59(e) motion to alter or amend judgment was not applicable to the petitioner's motion, as the prevailing party, for an attorney's fee under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, where the fee motion was filed four and one-half months after entry of a final judgment for the petitioner on the underlying action); *accord, Obin* v. *District No. 9 of the Int'l Ass'n of Machinists and Aero-*

*space Workers*, 651 F.2d 574 (8th Cir. 1981) (holding a post-judgment motion for an attorney's fee under the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k), raised a collateral and independent claim, and, therefore, no question existed that the district court retained jurisdiction to rule upon the motion notwithstanding entry of a judgment resolving the merits of the discrimination claim).

■■ "Collateral action," this court has stated, is "action that does not make any direct step toward final disposition of the merits of a case, will not be merged in the final judgment, is not an ingredient of the cause of action, and does not require consideration with the main cause of action." *Pledger v. Bosnick*, 306 Ark. 45, 50, 811 S.W.2d 286, 290 (1991), *cert. denied*, 113 S. Ct. 3034 (1993). A motion for an attorney's fee pursuant to section 16-22-308, we have held, is a matter "collateral or supplemental to the trial court's judgment" which is "left within the trial court's jurisdiction even though an appeal has been docketed" from the order disposing of the underlying litigation. *Sunbelt Exploration Co. v. Stephens Prod. Co.*, 320 Ark. 298, 308, 896 S.W.2d 867, 873 (1995) (citing *Alexander v. First Nat'l Bank of Ft. Smith*, 278 Ark. 406, 646 S.W.2d 684 (1983)). In the present case, the absence of an appeal from the September 27 order disposing of the underlying breach of contract action did not alter the collateral nature of Herget's fee motion. We conclude the trial court did not lack jurisdiction of the fee motion. *White*, 455 U.S. 445; *Obin*, 651 F.2d 574.

■ Appellant concedes that no statute or local court rule prescribes any specific time limit on a motion for an attorney's fee under section 16-22-308, but entreats this court to adopt a reasonable rule. Because this issue is unnecessary to our disposition of this case, we do not address it. In so ruling, however, we note that section 16-22-308 authorizes the award of an attorney's fee in the discretion of the trial court. *Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990). We agree with the observation made by the *White* Court with respect to section 1988, which similarly authorizes discretionary attorney's fee awards in appropriate cases, when it stated: "We believe that [the trial court's] discretion will support a denial of fees in cases in which a postjudgment motion unfairly surprises or prejudices the

affected party." *White*, 455 U.S. at 454[2]. On the facts of this case, we conclude the trial court committed no abuse of its discretion in ordering the fee award for Herget.

## WAIVER AND ESTOPPEL

Appellant next argues Herget should either be estopped or deemed to have waived his right to the fee award because he waited until twelve days after the September 27 order became final and non-appealable to file his fee motion. We summarily dispose of these arguments which are without merit.

Appellant's estoppel argument, which is unsupported by binding authority, is that Herget delayed filing the fee motion until after the appeals period had run in order to induce appellant not to file an appeal of the underlying action. Our review of the record on appeal reveals that appellant's estoppel argument was not raised before the trial court. As this court has repeatedly stated, an argument which is raised for the first time on appeal is not properly preserved for this court's review and will not be addressed. *See, e.g, Bell* v. *Estate of Bell*, 318 Ark. 483, 885 S.W.2d 877 (1994); *Jarboe* v. *Shelter Ins. Co.*, 317 Ark. 395, 877 S.W.2d 930 (1994).

Appellant's waiver argument is framed as follows: "Herget knew that there was [a] 30-day limitation period in which [appellant] had to file an appeal. By waiting 42 days to file his motion for an award of attorneys' fees, he surrendered any right he had to make such a claim." This argument is without merit. As noted above, there is no statute or local court rule that prescribes any specific time limit on a motion for an attorney's fee under section 16-22-308. Therefore, because the essence of waiver is the voluntary relinquishment of a known right, *Smith* v. *Walt Bennett Ford, Inc.*, 314 Ark. 591, 864 S.W.2d 817 (1993), it was impossible for Herget to waive his right to request a fee award under section 16-22-308 by filing his motion more than thirty days after the underlying judgment was rendered.

---

[2]We are aware that, in 1993, Fed. R. Civ. P. 54(d)(2) was amended to require the filing of a postjudgment motion for an attorney's fee within fourteen days after entry of final judgment on the underlying action, subject to the exceptions enumerated in that rule. It is undisputed, however, that no such rule applies to the present case.

## PAYMENT OF HERGET'S ATTORNEY'S FEES
## BY REBSAMEN

Appellant's final argument for reversal is that Herget was not entitled to an award of an attorney's fee because Rebsamen paid Herget's attorney's fee and Herget is under no obligation to repay Rebsamen. Thus, appellant argues, the trial court's fee award violated two legal concepts: (1) the purpose for statutory awards of attorney's fees is to make whole the prevailing party, not to award him a windfall, and (2) punitive damages in contract actions are not allowed. We reject these arguments.

Appellant cites no authority for his assertion that the purpose of section 16-22-308 is to make whole the prevailing party. The statute itself requires only that, unless otherwise provided by law or the contract which is the subject matter of the action, the movant must have prevailed on the merits of one of the causes of action enumerated in the statute. Further, we are aware of no decisional law or express statement by the General Assembly of its legislative intent respecting the purpose of section 16-22-308 that supports appellant's argument.

Appellant's contention that Herget's fee award is tantamount to punitive damages is merely stated in a conclusory fashion without binding authority or convincing argument. On this record, we decline to address the argument.

The judgment is affirmed.

Special Justice GENE E. McKISSIC joins in this opinion.

Special Justices JAMES V. SPENCER, III and DONNA C. PETTUS concur.

GLAZE, BROWN, and ROAF, JJ., not participating.

JAMES V. SPENCER, III, Special Justice, concurring. I concur in the decision with one reservation.

This appeal has brought squarely before the court the uncertainty to a losing party of a judgment's finality after the appeal period has expired. In other words, the losing party now remains vulnerable after the appeal period has expired to a motion for an award of attorney's fee.

I concur with the majority opinion not to adopt a rigid rule within the context of this case, but I feel the court should adopt by subsequent order the rule followed by the federal courts requiring the filing of a post judgment motion for an attorney's fee within fourteen (14) days after entry of final judgment in the underlying action as referenced by the second footnote to the majority opinion. Such a rule would avoid the uncertainty on this issue and eliminate the discretionary rule presently existing in our state courts.

Special Justice DONNA C. PETTUS joins in this concurrence.