The Honorable Bob Watts State Representative Route 1, Box 125 Harrison, Arkansas 72601
Dear Representative Watts:
This is in response to your request for an opinion on two questions relating to Act 846 of 1995. Act 846 amended A.C.A. § 24-4-101(7)(B) (Supp. 1995) to provide, in essence, that a person eligible for or receiving benefits from the State Police Retirement System who has been elected county sheriff is an "employee" within the meaning of that word as used in provisions of the Arkansas Code relating to the Arkansas Public Employees' Retirement System ("APERS"). The act appears to have been prompted by the view that, prior to its enactment, such a person was not an "employee," and therefore was not eligible to be a member of APERS due to the general rule, set forth in A.C.A. § 24-4-101(7)(B), that a person eligible to receive benefits under another retirement system supported by state funds is not an "employee," and the general rule implicit in A.C.A. §§ 24-4-301 to -303 (Repl. 1992) and 24-2-302(4) (Repl. 1992) that only "employees" are eligible for membership in APERS. Your questions are:
 1. Is it mandatory for a County to pay the back contribution for the County Sheriff in that County that wasn't covered by the Arkansas Public Employees Retirement System before Act 846 of 1995 became law (i.e. July 28, 1995)?
 2. Is it legal for a County to pay the back contributions for the County Sheriff in that County that wasn't covered by the Arkansas Public Employees Retirement System before Act 846 of 1995 became law (i.e. July 28, 1995) even if the money is appropriated by the Quorum Court?
It is my understanding that the sheriff at issue here was not covered under APERS prior to the effective date of Act 846 because he receives retirement benefits from the State Police Retirement System.
In my opinion, the county is under no obligation to pay contributions with respect to the period of the sheriff's employment occurring prior to the effective date of Act 846. Statutes are generally presumed to operate prospectively only and will be so construed unless retroactive application is expressly provided for or "implied so clearly and unequivocally as to eliminate any doubt." Estate of Wood v. Arkansas Dep't of Human Serv.,319 Ark. 697, 700-701, 894 S.W.2d 573 (1995). The presumption of prospective operation only is particularly applicable to legislation that, like Act 846, amends existing law. Lucas v. Hancock, 266 Ark. 162,583 S.W.2d 491 (1979). Act 846 contains no express statement that it is to apply retroactively and neither, in my view, is retroactive application clearly implied. While the "strict rule of construction against retroactive operation" does not apply to procedural or remedial legislation, id. at 701, it is my opinion that Act 846 is substantive legislation, to which the presumption does apply. Substantive legislation is that which creates new rights or extinguishes old ones. Gannett RiverStates Publishing Co. v. Arkansas Indus. Development Comm'n,303 Ark. 684, 799 S.W.2d 543 (1990). Act 846 creates a new right by making eligible for participation in APERS certain individuals who were not eligible prior to its enactment. Because Act 846 is substantive, amendatory legislation that does not expressly provide or clearly imply that it should apply retroactively, it is my opinion that Act 846 must be applied prospectively only.
The law requires each county to contribute to APERS "ten percent (10%) of the compensations of its employees who are members." A.C.A. §24-4-402(c)(1) (Repl. 1992) [emphasis added]. I have been unable to locate any provision of law that purports to require a public employer to make contributions with respect to a period of time during which an individual was not an employee for purposes of APERS, even though he later became an employee for that purpose and was an employee (in the ordinary sense of the word) during the period in question.[1]
In response to your second question, I have also been unable to locate any provision of law that expressly or, in my view, implicitly wouldpermit a county to make contributions at this time[2] with respect to a period of time during which an individual was not an employee for purposes of APERS, even though he later became an employee for that purpose and was an employee (in the ordinary sense of the word) during the period in question. Although no definitive answer is possible in this instance, it appears that a county's payment of such contributions without statutory authority could be subject to challenge as an illegal exaction under Ark. Const. art. 16, § 13, which has been given a broad interpretation in such "public funds" cases. See, e.g. Brewer v. Hawkins, 241 Ark. 460,408 S.W.2d 492 (1966).[3]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] Several statutory provisions permit, but do not require, employees
to pay or cause to be paid contributions with respect to periods during which contributions were or are not required to be paid, with the result that the employee receives service credit for such period. See, e.g.,
A.C.A. §§ 24-4-515 to -517 (Supp. 1995), 24-4-701 to -703 (Repl. 1992),24-4-709 (Repl. 1992), 24-4-712 (Repl. 1992), 24-4-719 (Repl. 1992),24-4-722 to -723 (Repl. 1992), 24-4-724 (Supp. 1995), 24-4-725 to -730 (Repl. 1992), 24-4-739 (Supp. 1995), and 24-4-742 (Supp. 1995).
[2] It appears that A.C.A. § 24-4-724 may permit the individual at issue here to pay or cause to be paid, after he has been a member of APERS for five years, back employee and employer contributions and thereby receive credit for the period of his service as sheriff before the effective date of Act 846. Because the county will not be able to rely upon this provision as authorization to pay the employer contributions until the year 2000, I express no opinion with respect to whether the "cause to be paid" language of the statute would constitute sufficient authority to enable the county to defend successfully an illegal exaction suit based upon the payment if made at that time.
[3] With respect to both of your questions, I note that A.C.A. §24-4-301(d) provides that "all elected and appointed . . . county constitutional officials shall be or become members" of APERS. This provision does not expressly refer to employee status under A.C.A. §24-4-101(7) as a condition of membership for such persons. A county sheriff is clearly a county constitutional officer. See Ark. Const. art.7, § 46; see also A.C.A. § 24-4-734 (Repl. 1992). If A.C.A. § 24-4-301(d) were interpreted definitively as dispensing with the employee-status condition upon membership for constitutional officers, the answers to both of your questions would, of course, be "yes." It is obvious from the passage of Act 846, however, that the General Assembly does not interpret A.C.A. § 24-4-301(d) in the manner suggested: if county sheriffs were not required to be employees in order to be members, Act 846 would be superfluous. It is my understanding that the staff of the APERS Board of Trustees also interprets the statutes as requiring employee status for county constitutional officers as a condition of membership. An agency's interpretation of a statute, while not conclusive, is highly persuasive,Technical Services of Arkansas, Inc. v. Pledger, 320 Ark. 333,896 S.W.2d 433 (1995), and will not be overturned unless clearly wrong,Thomas v. Arkansas Dept. of Human Services, 319 Ark. 782, 894 S.W.2d 584
(1995). In this instance, I cannot determine that the interpretation adopted by the General Assembly and the APERS staff is clearly wrong.