OLSTEN KIMBERLY QUALITY CARE *v.* Cheri PETTEY

CA 96-77 934 S.W.2d 956

Court of Appeals of Arkansas
En Banc
Opinion delivered December 23, 1996
[Petition for rehearing denied January 15, 1997.]

*Laser, Wilson, Bufford & Watts, P.A.*, by: *Frank B. Newell*, for appellant

*The Whetstone Law Firm, P.A.*, by: *Robert H. Montgomery*, for appellee.

JAMES R. COOPER, Judge. The appellee in this workers' compensation case was employed by the appellant as a nurse's assistant. Her duties required her to care for patients in their homes. She was compensated according to the time she actually spent in each patient's home. She used her own vehicle to travel to the homes but she received no wages for the time spent travelling and was not reimbursed for travel expenses. On April 21, 1994, the appellee was injured in an automobile accident while en route from the appellant's offices to the home of her first patient of the day. The appellee filed a claim for workers' compensation benefits and, on stipulated facts, the Commission held that the appellee's accident constituted a compensable injury under the Arkansas workers' compensation law as amended by Act 796 of 1993. From that decision, comes this appeal.

For reversal, the appellant contends that the Commission erred in concluding that the appellee was injured at a time when employment services were being performed.

Act 796 of 1993 made sweeping changes to the Arkansas workers' compensation law. Among those changes was the redefinition of "compensable injury" so as to exclude injury which was inflicted on the employee at a time when employment services were not being performed. Ark. Code Ann. § 11-9-102(5)(B)(iii) (Repl. 1996). In the case at bar, the Commission reasoned that because the appellee's duties necessarily involved travel exceeding travel to and from a regular place of employment, the appellee was performing employment services at the time of her accident.

This is a case of first impression concerning the meaning of "performing employment services" under § 11-9-102(5)(B)(iii). Arkansas Code Annotated § 11-9-1001 (Repl. 1996) provides that:

> The Seventy-Ninth General Assembly realizes that the Arkansas workers' compensation statutes must be revised and amended from time to time. Unfortunately, many of the

changes made by this act were necessary because administrative law judges, the Workers' Compensation Commission, and the Arkansas courts have continually broadened the scope and eroded the purpose of the workers' compensation statutes of this state. The Seventy-Ninth General Assembly intends to restate that the major and controlling purpose of workers' compensation is to pay timely temporary and permanent disability benefits to all legitimately injured workers that suffer an injury or disease arising out of and in the course of their employment, to pay reasonable and necessary medical expenses resulting therefrom, and then to return the worker to the work force. When, and if, the workers' compensation statutes of this state need to be changed, the General Assembly acknowledges its responsibility to do so. It is the specific intent of the Seventy-Ninth General Assembly to repeal, annul, and hold for naught all prior opinions or decisions of any administrative law judge, the Workers' Compensation Commission, or courts of this state contrary to or in conflict with any provision in this act. In the future, if such things as the statute of limitations, the standard of review by the Workers' Compensation Commission or courts, the extent to which any physical condition, injury, or disease should be excluded from or added to coverage by the law, or the scope of the workers' compensation statutes need to be liberalized, broadened, or narrowed, those things shall be addressed by the General Assembly and should not be done by administrative law judges, the Workers' Compensation Commission, or the courts.

The legislature also changed the law so as to require the Commission and the courts to construe the Act "strictly," Ark. Code Ann. § 11-9-704(c)(3) (Repl. 1996), rather than "liberally in accordance with the chapter's remedial purposes" as was the law prior to the 1993 amendment.

The Workers' Compensation Commission is an administrative agency, *Ward School Bus Mfg., Inc.* v. *Fowler*, 261 Ark. 100, 547 S.W.2d 394 (1977), and, as a general rule, reviewing courts recognize that administrative agencies are better equipped by specialization, insight through experience, and more flexible procedures than are courts to determine and analyze legal issues affecting their agencies. *Arkansas Dept. of Human Services* v. *Kistler*, 320 Ark.

501, 898 S.W.2d 32 (1995); *see Central Maloney, Inc.* v. *York,* 10 Ark. App. 254, 663 S.W.2d 196 (1984). Therefore, while not conclusive, the interpretation of a statute by an administrative agency is highly persuasive. *Technical Services of Arkansas, Inc.,* v. *Pledger,* 320 Ark. 333, 896 S.W.2d 433 (1995). We are persuaded by the Commission's reasoning in the case at bar.

In reaching its conclusion, the Commission reasoned that, because traveling was an inherent and necessary incident of the appellee's required employment activity, the appellee was performing employment services while en route from her employer's office to the patient's home. We agree. Although we recognize that the appellee was not directly compensated for driving to patients' homes, the payment of compensation is not conclusive to the question of whether employment services are being performed. For example, many workers, such as salesmen, are paid on the basis of commissions, but it is abundantly clear that a salesman who is attempting to make a sale is performing an employment service without regard to whether his attempt is successful.

It is likewise clear that delivering nursing services to patients at their homes is the *raison d'être* of the appellant's business, and that traveling to patients' homes is an essential component of that service. Whatever "performing employment services" may mean in the context of Ark. Code Ann. § 11-9-102(5)(B)(iii), it must include the performance of those functions which are essential to the success of the enterprise in which the employer is engaged. Consequently, we hold that the Commission did not err in concluding that the appellee was performing employment services while en route from the employer's office to the patient's home.

Affirmed.

MAYFIELD, ROGERS, and NEAL, JJ., agree.

JENNINGS, C.J., and STROUD, J., dissent.

JOHN E. JENNINGS, Chief Judge, dissenting. The issue in this case is one of law because the facts were stipulated and are undisputed. Although we have always deferred to the Commission when it decides a question of fact, neither this court, nor the supreme court, has deferred to the Commission when the issue was the interpretation of a substantive workers' compensation statute.

It has long been the law in this state, as well as in most every

other state, that an injury is compensable if it was one "arising out of and in the course of employment." *See, e.g., Barrentine* v. *Dierks Lumber & Coal Co.*, 207 Ark. 527, 181 S.W.2d 485 (1944); *American Red Cross* v. *Wilson*, 257 Ark. 647, 519 S.W.2d 60 (1975). An enormous body of case law has developed interpreting this phrase and in most every instance the interpretation has been guided by the familiar rule that workers' compensation laws are remedial and to be liberally construed.

Act 796 of 1993 made, as the majority says, "sweeping changes to the Arkansas Workers' Compensation Law," among them a requirement that the act be "strictly construed." Ark. Code Ann. § 11-9-704(c)(3) (Repl. 1996). A strict construction requires that the language of the statute be narrowly construed. *Arkansas Conference Assoc. of Seventh Day Adventist, Inc.* v. *Benton Cty. Bd. of Equalization*, 304 Ark. 95, 800 S.W.2d 426 (1990). Strict construction requires that nothing is taken as intended which is not clearly expressed. *Thomas* v. *State*, 315 Ark. 79, 864 S.W.2d 835 (1993). Strict construction is construction of a statute or other instrument according to its letter, which recognizes nothing that is not expressed, takes the language used in its exact and technical meaning, and admits no equitable considerations or implications. *Arkansas State Highway Comm'n* v. *Southwestern Bell Telephone Co.*, 206 Ark. 1099, 178 S.W.2d 1002 (1944), (McFadden, J., dissenting, quoting *Black's Law Dictionary*, 3rd ed. p. 413).

Moreover, the basic rule of statutory construction, to which all other interpretive guides must yield, is to give effect to the intent of the legislature. *Graham* v. *Forrest City Housing Authority*, 304 Ark. 632, 803 S.W.2d 923 (1991). In my view the language of the act leaves no doubt that the General Assembly intended the statute in issue to be narrowly construed. Under a strict construction of the statute the claimant here was injured "at a time when employment services were not being performed." Under the stipulated facts she was using her own vehicle to travel and would not begin earning wages until her arrival at the home of her first patient.

While the Commission's decision is, in the abstract, a reasonable and sensible one and would be entirely supportable under prior law, I do not believe that this injury is "compensable" under current law. The legislature has made its intention clear and I would give effect to that intention. It is, after all, the body charged with the responsibility for making law.

I am authorized to state that Judge Stroud joins in this dissent.