ALBERT PIKE HOTEL *v.* TRATNER

5-3878                                           403 S. W. 2d 73

Opinion delivered May 30, 1966

*Cockrill, Laser, McGehee & Sharp,* for appellant.

*Pope, Pratt & Shamburger,* By: *M. Jack Sims,* for appellee.

ED. F. McFADDIN, Justice. This is a workmen's compensation case. Appellee, Mrs. Tratner, received injuries when she sustained a fall at the City Health Office on Markham Street in Little Rock, Arkansas, on October 15, 1964. She claimed that at the time and place when she received her injuries she was an employee of the Albert Pike Hotel, and that such injuries arose out of and in the course of her employment; and she filed her claim before the Workmen's Compensation Commission. The Hotel denied that Mrs. Tratner had ever been employed by it, and also denied that any injuries she might have sustained arose out of and in the course of employment. The Referee of the Commission who heard the case (Hon. J. R. Calhoun), in disallowing the claim of Mrs. Tratner, rendered a clear and logical opinion. The Full Commission reviewed the record, with no additional evidence offered, and likewise disallowed the claim. The Circuit Court reversed the Commission and directed the claim to be allowed; and the Albert Pike Hotel brings this appeal, urging only one point, to-wit:

"The Circuit Court erred in reversing the opinion and order of the Arkansas Workmen's Compensation Commission for the reason that there was substantial competent evidence to support findings of fact made by the Arkansas Workmen's Compensation Commission and upon which the opinion and order was based."

At the outset we reiterate the long established rule of this Court that the findings of fact of the Workmen's Compensation Commission have the force and effect of a jury verdict. *J. L. Williams and Sons* v. *Smith,* 205 Ark. 604, 170 S. W. 2d 82; and *Arkansas Coal Co.* v.

*Steele,* 237 Ark. 727, 375 S. W. 2d 673. Thus, on disputed factual issues, the Circuit Court cannot reverse the Commission, but must accept that view of the facts which is most favorable to the Commission's findings.

With the foregoing rule understood, we examine the evidence. There were only two witnesses, Mrs. Tratner and Mr. Jordan, who was the chef at the Albert Pike Hotel. Both witnesses agreed that on or about October 14th Mrs. Tratner applied to Mr. Jordan for a job as cook at the Hotel. The vacancy for which she was applying was due to occur on October 16, 1964, and Mr. Jordan testified that in the interview he told Mrs. Tratner that if she wanted to work she should obtain a health card and bring it, together with her social security number, to the Hotel by six A.M. October 16, 1964, prepared to go to work, if the hours, wages, and working conditions were satisfactory to her. In short, Mr. Jordan testified that she was not employed, but merely given the option to decide on employment. The evidence reflects that Mrs. Tratner did not have a current health card, and the Hotel would not employ her until she had one. Mr. Jordan testified that Mrs. Tratner did not return to the Hotel by six A.M. on October 16th, so he employed another person.

Mrs. Tratner testified that on October 14th she applied to the Albert Pike Hotel for employment as a cook; that Mr. Jordan was the Hotel representative to whom she talked; that Mr. Jordan employed her to commence work at six A.M. on October 16th; and directed her to obtain a health card, and bring same, and her social security number, with her when she reported for work at six A.M. on October 16th; that on October 15, 1964, about eleven A.M. she went to the City Health Department on Markham Street in Little Rock, Arkansas, to obtain the required health card, and while she was in the process of leaving the building of the City Health Department, she fell and sustained the injury which gave rise to this claim.

On this state of the testimony the Commission found:

"The relationship of employer-employee did not exist. Claimant's injury did not arise out of and during the course of her employment with the Albert Pike Hotel. The injury must arise out of *and* during the course of the employment. Both elements must exist. Such is not the case here."

According to the evidence of Mr. Jordan, Mrs. Tratner was never employed. If she had reported for work at the Albert Pike Hotel at six A.M. on October 16, 1964, with health card and social security number, she would have been put to work; but she did not appear. The witness Jordan testified that she was never employed: she merely had the option to return, if she desired the work. He did not know whether she would ever return. It is instantly apparent that the Commission accepted the testimony of the witness Jordan; and on this state of the record we must reverse the Circuit Court and affirm the Commission. *Lewellen* v. *William T. Collins Shows,* 239 Ark. 132, 371 S. W. 2d 833.

In the brief filed by Mrs. Tratner in this Court, reliance is made on three cases, being *Alewine* v. *Tobin Quarries* (S. C.), 33 S. E. 2d 81; *Warren's Case* (Mass.), 97 N. E. 2d 184; and *Grube* v. *Associated Indemnity Co.,* 187 F. 2d 129. But these cases, when carefully studied, agree with what we have just said. In each case the Court held that it was for the trier of the facts (Commission or jury) to decide whether the injured person was an employee at the time of receiving the injury. In the case at bar, the Commission has found from the evidence that Mrs. Tratner's injuries did not arise "out of and in the course" of any claimed employment. Such finding is supported by substantial evidence; and the Circuit Court was in error in reversing the Commission on such factual finding.

Therefore the Circuit Court judgment is reversed

and the cause remanded with directions to enter a judgment affirming the order of the Workmen's Compensation Commission.