Curley WOODELL *v.* BROWN & ROOT, INC.

CA 81-50                                         616 S.W. 2d 781

Court of Appeals of Arkansas
Opinion delivered June 10, 1981

*Junius Bracy Cross, Jr.*, for appellant.

*Wright, Lindsey & Jennings*, for appellee.

GEORGE K. CRACRAFT, Judge. The appellant brings this appeal from an order of the Circuit Court of Jefferson County, granting appellee's motion for summary judgment and dismissing appellant's complaint. He contends that there was a material issue of fact to be determined and that it was error to grant the summary judgment.

The appellant, Curley Woodell, brought this action in the Circuit Court for personal injuries against the appellee, Brown & Root, Inc., alleging that during a "preemployment physical" examination the appellant was negligently injured by a technician or nurse employed by the appellee who, while "acting within the scope of his employment in making the examinaion," acutely hyperextended him, severely re-injuring a former injury to his lower back.

The appellee answered that at the time the injury occurred the appellant was its employee and that the injury arose out of and in the course of that employment, pleading the exclusive remedy provisions of Arkansas Workers' Compensation Act as a complete defense.

Thereafter the appellee filed a motion for summary judgment pursuant to Rule 56, Rules of Civil Procedure [Ark. Stat. Ann. vol. 3A (Repl. 1979)]. Attached to the motion was an affidavit of the employer's safety supervisor, in which it was asserted that the work records of the appellee company showed that on the date of the injury the appellant worked for the appellee ten hours and was paid for his labor on that date the sum of $41.94. He further stated that on the date on which the injury occurred the appellant was an employee of appellee.

The appellant responded, asserting that the injury resulted from appellee's negligent attempt to provide medical service, which was outside of the employer/employee relationship, and that the action was brought to recover damages for the negligent manner in which the medical service was performed. Appellant filed no supporting affidavits with his answer. The trial court ruled that the appellant was an employee of appellee on the date in question and was in the course and scope of his employment when the injury was sustained, and ordered that the motion for summary judgment be granted and the complaint dismissed.

In a proper case a summary judgment is a useful device for avoiding unnecessary trials where there is no real material issue of fact to be decided, and when the pleadings,.

depositions, answers to interrogatories and admissions on file, together with supporting affidavits show that there is no genuine issue as to any material fact, the moving party is entitled to a judgment as a matter of law. *Hughes Western World* v. *Westmoor Manufacturing Company*, 269 Ark. 300, 601 S.W. 2d 826 (1980); *Deam* v. *O. L. Puryear & Sons*, 244 Ark. 18, 423 S.W. 2d 554. The theory underlying a motion for summary judgment is the same as that underlying a motion for a directed verdict. Hence the trial court views the evidence in the light most favorable to the party resisting the motion, with all doubts and inferences being resolved against the moving party. *Russell* v. *City of Rogers*, 236 Ark. 713, 368 S.W. 2d 89 (1963).

Ark. Stat. Ann. § 81-1304 (Supp. 1979) provides that the rights granted an employee by the Workers' Compensation Act shall be his exclusive remedy against his employer. If the injury is one covered by the Workers' Compensation Act, the employee is restricted to the remedies provided in that act against his employer and may not bring an action on the same facts in tort. On this summary motion it was incumbent upon the moving party to establish that there was no genuine issue of fact as to whether or not the appellant would be entitled to the benefits of the Workers' Compensation Act.

It is well established that in order for a worker to receive benefits under that act, he has the burden of proving both that the relationship of employer/employee existed and the injury arose out of and in the scope of that employment. Ark. Stat. Ann. § 81-1302(d) (Repl. 1976); *Williams* v. *Arkansas Nursing Home*, 255 Ark. 880, 503 S.W. 2d 474 (1974); *Duke* v. *Pekin Wood Products Company*, 223 Ark. 182, 264 S.W. 2d 834; *Bunny Bread* v. *Shipman*, 267 Ark. 926, 591 S.W. 2d 692 (1979). Conversely, for the exclusive remedy provided by § 81-1304 to be available to the employer on summary motion it must show that there is no material issue of fact to be determined as to either of those elements of entitlement to the worker.

The appellant argues that the court erred in granting the motion for summary judgment because the affidavit did

not establish that the injury arose out of appellant's employment and, as the physical examination was deemed a preemployment one, there was a material issue of fact as to whether the appellant was at the time of the injury in the employ of the appellee.

In considering a motion for summary judgment the trial court examines the pleadings, depositions and admissions as well as affidavits, to determine if there is a general issue as to the material facts involved. Rule 56(c), Rules of Civil Procedure [Ark. Stat. Ann. vol. 3A (Repl. 1979)]; *Deam v. O. L. Puryear & Sons*, supra.

The complaint alleges that appellant was an employee of appellee when injured on the job during the course of his employment with appellee on April 30, 1979. It alleges that he was subsequently released to return to work for the appellee, but prior to his return to work the employer conducted a physical examination on him which was negligently conducted and caused his re-injury. The allegations clearly indicate that the examination was required for the benefit of the employer and was conducted by one of its employees acting within the scope of his authority. In the complaint the examination is referred to as a "preemployment" physical and that it was required "prior to reemployment." It was appellant's contention that as the examination occurred prior to his reemployment, his injury was sustained before the employer/employee relationship was established. When the issues were joined, whether or not he was an employee within the meaning of the Workers' Compensation Act was a disputed issue of fact.

However, the affidavits filed with the appellee's motion for summary judgment establish that on the date in question the payroll records of the employer show that appellant worked ten hours that day and was paid at his usual rate for that work. The affidavit further established that he was an employee of appellee on that date. No counteraffidavits were submitted in appellant's answer. He relied then and now on his allegation that this was a preemployment examination and hence the relief should not have been given.

Appellant's argument that summary motion should not have been granted because there was no connection between it and the actual employment of appellant must fail for two reasons. Examinations of the type in issue are wholly for the benefit of the employer and under his direction and control. The employee conducting the examination was stated to have been an employee of appellee, acting within the scope of his employment. Workers who are injured as the result of examinations so required and conducted are entitled to the protection of the Act. *Lotspeich* v. *Chance Vought Aircraft*, 369 S.W. 2d 705 (Tex. Civ. App.).

Appellant relies upon *Albert Pike Hotel* v. *Tratner*, 240 Ark. 958, 403 S.W. 2d 73. In *Tratner* the injured party had been offered a job to commence two days later, provided she could obtain a health card. She was injured while on the premises of the City Health Department seeking to obtain the card. There the examination was not done under the supervision of the employer and the injury occurred two days before the employment was to commence. It is clearly distinguishable from the facts now before the court.

Secondly, there was no material issue of fact as to whether appellant's employment had commenced at the time he underwent the required examination by appellee's employee. Appellee's supporting affidavits established that he was so employed at the time and was paid for his work at his customary rate.

The appellant did not file a counteraffidavit or in any way contradict the affidavit by appellee that the status of employer/employee existed at the time. As he did not controvert that affidavit, he may not now rely upon and argue with reference to the allegation in his answer to that motion that the employer/employee relationship did not exist nor rely upon the statements in his complaint which were the subject of the appellee's affidavit. It is well established that when the movant for summary judgment makes a prima facie showing of entitlement to a summary judgment, the respondent must discard the shield and cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact. *Hughes Western World*

v. *Westmoor Manufacturing Company*, supra. Appellee established the employer/employee relationship by affidavit which was not contradicted. The appellant himself alleged that the examination resulting in the injury was had in connection with his reemployment, and that the person causing the re-injury was an employee of appellee acting within the scope of his employment.

It is not necessary on a Workers' Compensation claim that the employee be injured while performing the specific task for which he has been employed. It has been held that he is equally covered if he is injured while performing some task other than that assigned to him, if it be in connection with his employment and required by his employer. *Elm Springs Canning Co.* v. *Sullins*, 207 Ark. 257, 180 S.W. 2d 113.

We find no error in the action of the Circuit Court.

Affirmed.

MAYFIELD, C.J., and COOPER, J., dissent.