COUNTRY PRIDE and FIREMAN'S FUND INSURANCE COMPANY *v.* Willie HOLLY

CA 81-146                                      624 S.W. 2d 443

Court of Appeals of Arkansas
Opinion delivered November 25, 1981
[Rehearing denied December 23, 1981.]

*Barber, McCaskill, Amsler, Jones & Hale,* for appellants.

*Spencer, Spencer & Shepherd, P.A.,* for appellee.

LAWSON CLONINGER, Judge. The Arkansas Workers' Compensation Commission found that an injury suffered by claimant, appellee Willie Holly, did not arise out of and in the course of employment, but rather by reason of a seizure precipitated by voluntary intoxication unrelated to employment. The decision of the Commission was reversed by the Circuit Court upon a finding that the employer, appellant Country Pride, placed appellee in a position which increased the dangerous effects of a fall, and that there was no substantial evidence that appellee's injury was occasioned by intoxication.

The issue on this appeal is whether there is substantial evidence to support the finding of the Commission that appellee's injury did not arise out of and in the course of his employment. We find there is substantial evidence to support the Commission's finding and we reverse.

It was incumbent upon the trial court to accept that version of the facts most favorable to the Commission's finding. *Albert Pike Hotel* v. *Tratner,* 240 Ark. 958, 403 S.W. 2d 73 (1966). At the time of his injury, appellee was working on the night shift splitting chicken breasts. He sat on an aluminum stool about four feet in height and the chickens came down a line in front of him where appellee would cut them with a knife. While seated on the stool appellee fell to the concrete floor and suffered a severe injury to his right shoulder. A co-worker testified that appellee was working normally when he suddenly collapsed and fell from the stool to the floor. Appellee went into convulsions, gripping the knife he had been working with, and biting his tongue. The medical report indicates that appellee stated he had a blackout spell while at work. Appellee's supervisor had smelled intoxicants on appellee's breath before the fall and

had considered sending appellee home because of intoxication. Appellee had been employed by Country Pride for two and one-half months, and during that period he had been sent home because of intoxication on two occasions. Appellee had a history of alcoholism and had suffered a seizure two years earlier after alcohol intake.

The Commission concluded that "The issue appears in this case to be whether the claimant suffered an idiopathic fall and if he did, was he placed in an unusually dangerous situation causing that fall by his employer, or in the alternative, whether the fall was precipitated by a condition brought on by voluntary intoxication by the claimant." The Commission then adopted the finding of the administrative law judge that the evidence demonstrates that the latter is true rather than the former.

The Circuit Court apparently recognized that there was an idiopathic fall, that is, a fall having its origin in a condition personal to the claimant and not caused by his employment, but found that the employer placed the claimant in a position increasing the dangerous effects of a fall by placing claimant in a work position on a four-foot stool over a bare concrete floor.

The general rule of law relating to idiopathic falls is stated in 1 Larson, *Workmen's Compensation law*, § 12.11 (1978), as follows:

> When an employee, solely because of a nonoccupational heart attack, epileptic fit, or fainting spell, falls and sustains a skull fracture or other injury, the question arises whether the skull fracture (as distinguished from the internal effects of the heart attack or disease, which of course are not compensable) is an injury arising out of the employment. The basic rule, on which there is now general agreement, is that the effects of such a fall are compensable if the employment places the employee in a position increasing the dangerous effects of such a fall, such as on a height, near machinery or sharp corners, or in a moving vehicle.

In § 12.14 of the same text, the following statement is made:

> Inevitably there arrive the cases in which the employee suffers an idiopathic fall while standing on a level surface, and in the course of his fall, hits no machinery, bookcases, or tables. At this point there is an obvious temptation to say that there is no way of distinguishing between a fall onto a table and a fall onto a floor, since in either case the hazard encountered in the fall was not conspicuously different from what it might have been at home. A distinct majority of jurisdictions, however, have resisted this temptation and have denied compensation in level-fall cases. The reason is that the basic cause of the harm is personal, and that the employment does not significantly add to the risk.

The parties have cited no Arkansas case dealing directly with the question of idiopathic falls, but they do cite a number of cases from courts of other states. We have stated the general rule as set out by Larson, *supra,* because it was the basis of the trial court's decision. However, we do not consider it necessary to resolve the question in order to reach a decision in this case.

Ark. Stat. Ann. § 81-1305 (Repl. 1976) provides that: " . . . there shall be no liability for compensation . . . where the injury or death from injury was substantially occasioned by intoxication of the injured employee . . . " Ark. Stat. Ann. § 81-1324 provides that a prima facie presumption exists that the injury of an employee did not result from intoxication while on duty.

The burden of proof was on the appellant employer to show by a preponderance of the evidence that appellee's injury was substantially occasioned by intoxication, and it is the function of the trial court and this Court to determine whether there was any substantial evidence to support the Commission's finding. *Mass Merchandisers et al* v. *Harp,* 259 Ark. 830, 536 S.W. 2d 729 (1976). The specific issue on this appeal, then, is whether there is substantial evidence to

support the Commission's finding, by a preponderance of the evidence, that the injury was substantially occasioned by the intoxication of appellee.

The Commission was the fact-finding agency and it was justified in finding that appellee's fall was caused by a seizure precipitated by the intoxication of appellee.

The judgment must be reversed and the findings and conclusions of the Workers' Compensation Commission reinstated.

MAYFIELD, C.J., not participating.