Charles FISHER *v.* POOLE TRUCK LINE

CA 96-911                                            944 S.W.2d 853

Court of Appeals of Arkansas
Divisions III and IV
Opinion delivered May 14, 1997

[Petition for rehearing denied June 11, 1997.]

*Davis & Holiman*, by: *Zan Davis*, for appellant.

*Penix, Penix, Lusby & Nix*, by: *Robin Nix*, for appellee.

ANDREE LAYTON ROAF, Judge. The appellant, Charles Fisher, was employed as a truck driver by the appellee, Poole Truck Line (Poole). Fisher was denied workers' compensation benefits when the Commission found that he was not performing "employment services" when he was injured while transporting in his own automobile the results of a physical examination that Poole had required him to take before giving him a work assignment. On appeal, Fisher argues that the Commission's finding

that he was not performing "employment services" at the time of his accident is not supported by substantial evidence. We agree and reverse.

On March 24, 1994, Fisher was injured when his automobile was struck in the rear by a tractor-trailer truck. Fisher ultimately underwent fusion surgery for a herniated cervical disc as a result of this accident. Following the accident, Fisher continued on to his destination, a truck terminal operated by Poole, his new employer. Fisher, a truck driver with some 26 years of experience, had successfully completed a two-day orientation required by Poole of its new drivers, which commenced on March 21st. Poole had also required Fisher to take the standard Department of Transportation (D.O.T.) physical on the day before the accident. On the morning of the accident, Fisher had reported in at the Poole terminal to receive a driving assignment, and had learned that a urine test he had taken the day before as part of the D.O.T. physical had revealed unacceptably high concentrations of protein, and as a result, he would not be allowed to drive until he retook and passed this urine test. Although D.O.T. physicals are valid for two years and Fisher's last physical dated only from the previous March, Poole had required him to take and pass a D.O.T. physical administered by its doctor before assigning him a load. Fisher immediately drove to the doctor's office and retook and passed the urine test.

Although not specifically ordered by Poole to bring back the results of his physical, Fisher knew that by hand-delivering the copy he received from the doctor, he would receive his driving assignment. Except for the two-day employee orientation for which Poole paid Fisher, as a truck driver employed by Poole, he was only to be paid according to the miles he drove.

After delivering the results of the urine test, Fisher went home and on the next day sought treatment at an emergency room for his injuries. Subsequently, Fisher filed a civil suit against the trucking company that struck him and also filed for workers' compensation from Poole.

Poole denied Fisher workers' compensation benefits, contending that he was not an employee and that he was not perform-

ing employment services at the time of the accident. The administrative law judge (ALJ) found that Fisher was an employee at the time of the accident but that he was not performing employment services and, therefore, the injury was not compensable. On the latter issue, which is the subject of this appeal, the ALJ scrutinized the time, place, and the circumstances of the injury in determining whether Fisher was performing "employment services." The ALJ found dispositive the facts that Fisher was driving his own vehicle, that the accident occurred off the employer's premises, and that the urine test result that Fisher was transporting was a document that his employer had to have possession of before he could begin to perform employment services. The full Commission affirmed and adopted the ALJ's findings of fact. Fisher appeals from the finding that he was not performing employment services. However, Poole does not appeal the finding that Fisher was an employee at the time of his injury.

For reversal, Fisher argues that the Commission's finding that he was not performing "employment services" at the time of the accident is not supported by substantial evidence.

As defined in the Workers' Compensation statutes, a "compensable injury" means an "accidental injury" arising out of and in the course of employment. Ark. Code Ann. § 11-9-102 (5)(A)(i). However, § 11-9-102 further provides that "compensable injury" does not include an "[i]njury which was inflicted . . . at a time when employment services were not being performed . . . ." Ark. Code Ann. § 11-9-102(5)(B)(iii).

Fisher contends in essence that his trip from the terminal to the company doctor to retake the urine test and his return to the terminal with the results were employment services because they were part of the orientation process for which he received payment. However, he conceded in his testimony that the orientation was concluded by March 23rd and that all he did on March 23rd was take the D.O.T. physical.

Fisher further asserts that this case can be reversed under the "dual-purpose doctrine" exception to the "going and coming rule," because his transporting the results of his physical benefitted Poole by allowing them to immediately assign him a load.

Poole argues that Fisher's injury is not compensable because it neither arose out of and in the course of employment nor occurred at a time when employment services were being performed. However, Poole did not appeal the Commission's findings that Fisher was an employee at the time he undertook the physical examination.

Significantly, the Commission further found that the physical examination was wholly for the benefit of Poole and at the direction of Poole because Fisher already possessed a valid D.O.T. physical certification at the time of employment. In denying benefits to Fisher, the Commission relied on *Albert Pike Hotel v. Tratnor*, 240 Ark. 958, 403 S.W.2d 73 (1966), in which the supreme court found that a claimant who was injured on the premises of the Arkansas Health Department while in the process of obtaining a health card to allow her to work as a cook for the respondent was not entitled to benefits because she was not an employee. However, the court in *Albert Pike* did not address the issue of performing employment services because it found from the evidence that Tratnor was never employed by the respondent hotel, and we do not agree that the decision was based significantly upon the time, place, and circumstance of the injury. Moreover, the supreme court has recently determined that a home-care nurse's assistant injured while traveling from her employer's office to the home of a patient was performing employment services even though she used her own vehicle and received no wages or travel expenses for the time spent traveling to patients' homes. *Olsten Kimberly Quality Care v. Pettey*, 328 Ark. 381, 944 S.W.2d 524 (1997).

In the instant case, Fisher, an experienced and qualified truck driver, was employed by Poole and arrived early on the morning of March 24th for the purpose of driving a load for Poole. As pointed out by Fisher, driving a truck entails more than sitting behind the wheel of a truck, and certain requirements are imposed by the D.O.T. and by the trucking companies for reasons of safety. Fisher stated that some of these requirements included passing written driving and physical examinations; performing daily inspections of the truck; becoming qualified for hauling various kinds of materials, including hazardous material; and the

keeping of accurate log books. Here, the Commission found that Fisher's physical exam was wholly for the benefit of Poole and at the direction of Poole. This finding is consistent with *Woodall v. Brown and Root, Inc.*, 2 Ark. App. 106, 616 S.W.2d 781 (1981), in which this court found that workers' compensation was the exclusive remedy for an employee injured during a physical exam conducted by his employer for two reasons — such examinations are wholly for the benefit of the employer and the employment had commenced at the time the employee underwent the required exam; both factors are present in the instant case. Consequently, Fisher was performing employment services when he traveled from his employer's premises to retake the urine test and was injured on the return trip.

Reversed.

BIRD, NEAL, and GRIFFEN, JJ., agree.

JENNINGS and PITTMAN, JJ., dissent.

JOHN E. JENNINGS, Judge, dissenting. The issue here is whether the Commission's decision is supported by substantial evidence. A decision of the Commission is supported by substantial evidence if reasonable minds could reach the Commission's conclusion. *Farmland Ins. Co. v. Dubois*, 54 Ark. App. 141, 923 S.W.2d 883 (1996). I cannot agree that the Commission's decision is not supported by substantial evidence.

Two statutes are involved in this case. Section 11-9-102(5)(B)(iii) (Repl. 1996) excludes from the definition of compensable injury any "[i]njury which was inflicted upon the employee at a time when employment services were not being performed. . . ." Section 11-9-704(c)(3) (Repl. 1996) requires that "[a]dministrative law judges, the commission, and any reviewing court shall construe the provisions of this chapter strictly." On these facts, and given the requirement that the law be strictly construed, the Commission could reasonably find that Mr. Fisher was not performing "employment services" at the time of his injury.

I cannot agree that our decision here is governed by our earlier decision in *Olsten Kimberly Quality Care v. Pettey*, 55 Ark. App.

343, 934 S.W.2d 956 (1996), or the supreme court's subsequent affirmance of that case found at 328 Ark. 381, 944 S.W.2d 524 (1997). In the first place the facts in *Olsten Kimberly* were much more compelling. There the claimant was a traveling nurse employed by the respondent to provide nursing services to its customers in their homes. The claimant was injured in an automobile accident that occurred as she was traveling between her employer's offices and the home of her first patient for that day. In affirming the Commission's decision in that case that the claimant was performing employment services at the time of her accident, both this court and the supreme court relied upon the facts that "delivering nursing services to patients at their homes is the *raison d'être* of the appellant's business, and . . . traveling to patients homes is an essential component of that service." Here, on the other hand, appellant was tentatively hired as a truck driver. He was injured while driving his personal vehicle to deliver to appellee the results of the drug screening that he was required to undergo before he could drive a truck. Delivery of those results was neither part of the job for which appellant had been hired nor an activity that he had been directed or even asked by appellee to undertake; indeed, the evidence showed that such results were ordinarily transmitted by the laboratory to appellee via the U.S. mail. These facts do not even approach those in *Olsten Kimberly*. In the second place we were affirming the Commission's award of benefits in *Olsten Kimberly* and in doing so said we give some deference to the administrative agency's interpretation of the statute.

For these reasons I respectfully dissent.

PITTMAN, J., joins in this dissent.