RAYMA GEBHARD, APPELLANT, V. DIXIE CARBONIC, APPELLEE.
625 N.W. 2d 207

Filed May 4, 2001.   No. S-00-820.

Martin V. Linscott, of Harris Law Offices, for appellant.

Joseph W. Grant, of Gaines, Pansing & Hogan, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

We are presented in this case with the issue whether a person is an employee for purposes of the Nebraska Workers' Compensation Act when that person is injured during a pre-employment physical examination.

## FACTS

In October 1998, Rayma Gebhard responded to an advertisement in the newspaper for a position as a laborer working on the line at Dixie Carbonic in Beatrice, Nebraska. Gebhard testified that she spoke with a manager at Dixie Carbonic about potential employment with the company. The Workers' Compensation Court found, and Gebhard agrees, that Gebhard was given a conditional offer of employment by Dixie Carbonic. The conditions precedent to her employment were that Gebhard would need to pass a drug test, pass a lower back physical examination, and complete a job orientation.

After Gebhard passed the required drug test, Gebhard went to Madonna Rehabilitation Hospital in Lincoln for the physical examination on November 2, 1998. Gebhard testified that after several other physical tests, she was asked to lift some weighted boxes. Gebhard said that during these tests, she was asked to lift a box weighing 60 pounds from a shelf at approximately waist level to approximately shoulder height. Gebhard testified that on

her first attempt at lifting the box, she lifted the box one-half foot, felt something pull in her lower back, and dropped the box onto the counter. Gebhard did not tell the therapist administering the test that she was experiencing pain, and Gebhard said that the therapist told her that she had not passed the physical examination.

Gebhard continued to experience pain in her back, and she eventually filed a petition in the Workers' Compensation Court seeking a determination of benefits. After a hearing, the single judge determined that Gebhard had not passed the physical examination because she had failed to lift the 60-pound box. The single judge then noted that Dixie Carbonic did not hire Gebhard because she failed to pass the physical examination and was therefore unable to do the job. Before addressing Gebhard's claim that she suffered an injury during the physical examination, the court addressed the issue whether Gebhard was an employee at the time of the physical examination for purposes of the Nebraska Workers' Compensation Act.

Initially, the single judge noted that Gebhard was not on Dixie Carbonic's payroll at the time she participated in the physical examination and that Gebhard would not have been on the payroll until she satisfied all three conditions necessary to obtain employment with Dixie Carbonic. The court then went on to reason that

> [i]n order to be an employee, the employee must be in the service of the employer. In order to be in the service of the employer, the employee must be hired. Passing a drug test and passing a physical or low back screen are conditions precedent to the employment [in this case]. If [Gebhard] did not pass the drug screen, she is not employed. If [Gebhard] cannot pass the physical, she is not employed.

The single judge concluded that Gebhard was not an employee of Dixie Carbonic when she took the physical examination and, therefore, dismissed Gebhard's claim.

Gebhard appealed to a Workers' Compensation Court review panel, which affirmed the single judge's determination without a detailed opinion. Gebhard appealed, and we moved the case to our docket pursuant to our authority to regulate the dockets of the appellate courts.

## ASSIGNMENTS OF ERROR

Gebhard assigns, restated, that the Workers' Compensation Court erred in (1) finding that she was not a covered employee under the Nebraska Workers' Compensation Act at the time of her physical examination and (2) failing to provide the parties with a reasoned decision as to the occurrence of an injury and as to the entitlement of temporary total disability.

## STANDARD OF REVIEW

Under the provisions of Neb. Rev. Stat. § 48-185 (Cum. Supp. 2000), an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Fay v. Dowding, Dowding, ante* p. 216, 623 N.W.2d 287 (2001). In determining whether to affirm, modify, reverse, or set aside a judgment of the Workers' Compensation Court review panel, a higher appellate court reviews the findings of fact of the single judge who conducted the original hearing; the findings of fact of the single judge will not be disturbed on appeal unless clearly wrong. *Id.* An appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law. *Id.*

## ANALYSIS

In the case at bar, Gebhard urges us to adopt a rule that would make injuries which occur during a prehiring physical examination compensable under the Nebraska Workers' Compensation Act, even when passing the physical is a precondition to employment. For the reasons that follow, we decline to adopt such a rule absent an employer-employee relationship between the parties.

A basic principle underlying the Nebraska Workers' Compensation Act is that only employees are entitled to workers' compensation benefits. *Williams v. Williams Janitorial Service*, 207 Neb. 344, 299 N.W.2d 160 (1980); Neb. Rev. Stat.

§ 48-101 (Reissue 1998). The existence of an employer-employee relationship is essential in establishing the nature and scope of the relief to which an employee is entitled for his or her work-related injury. *Schweitzer v. American Nat. Red Cross*, 256 Neb. 350, 591 N.W.2d 524 (1999). The plaintiff in Workers' Compensation Court must prove that she or he has employee status to invoke the jurisdiction of the court. *Pettit v. State*, 249 Neb. 666, 544 N.W.2d 855 (1996). Thus, whether Gebhard was an employee of Dixie Carbonic at the time of her injury presents a jurisdictional issue. See *id.*

The Nebraska Workers' Compensation Act provides that the term "employee" shall be construed, in relevant part, to mean:

(2) Every person in the service of an employer who is engaged in any trade, occupation, business, or profession . . . under any contract of hire, expressed or implied, oral or written, including aliens and also including minors . . . .

As used in subdivisions (1) and (2) of this section, the terms employee and worker shall not be construed to include any person whose employment is not in the usual course of the trade, business, profession, or occupation of his or her employer.

Neb. Rev. Stat. § 48-115 (Reissue 1998).

■ The relationship of employer-employee arises from the contract between the parties. *Hemmerling v. Happy Cab Co.*, 247 Neb. 919, 530 N.W.2d 916 (1995); *Stephens v. Celeryvale Transport, Inc.*, 205 Neb. 12, 286 N.W.2d 420 (1979). Whether the ultimate issue is workers' compensation coverage, liability for acts of a servant, or some other matter, the question is, What was the real agreement between the parties? *Id.* The answer to the contract question is not at all dependent upon the ultimate issue, i.e., the criteria to be applied in determining the nature of the contract is the same whether it involves workers' compensation coverage or something else. *Id.* Whether an employer-employee relationship exists must be decided on the facts of each case. *Pettit v. State, supra.*

■ In the instant case, Gebhard has conceded that passing the physical examination was a condition precedent to her employment with Dixie Carbonic. Brief for appellant at 9. Further, the workers' compensation single judge specifically found that

Gebhard was given a conditional offer of employment and that Dixie Carbonic would not hire her unless, among other conditions, she passed the physical examination. Upon appellate review, the findings of fact made by the trial judge of the compensation court have the effect of a jury verdict and will not be disturbed unless clearly wrong. *Hagelstein v. Swift-Eckrich, ante* p. 305, 622 N.W.2d 663 (2001). The record in this case supports the findings of the single judge in all respects.

Nonetheless, Gebhard cites various other jurisdictions' case law to support her position that an injury which occurs during a prehiring physical examination should be compensable under the Nebraska Workers' Compensation Act. However, the cases cited by Gebhard are distinguishable from the case at bar, and further, we are guided solely by the provisions of the Nebraska Workers' Compensation Act.

First, Gebhard cites *Woodell v. Brown & Root, Inc.*, 2 Ark. App. 106, 616 S.W.2d 781 (1981), in which the Court of Appeals of Arkansas addressed a situation where the plaintiff was injured during a physical examination conducted by his employer after the plaintiff was hired. In determining that the injury was compensable under the workers' compensation act, the *Woodell* court relied almost exclusively on the fact that the employment records of the defendant established that the plaintiff was an employee of the defendant at the time he was injured and the fact that the plaintiff was paid for 10 hours of work by the defendant on the day of the injury. Further, the *Woodell* court noted that there was no evidence presented to rebut such evidence. Thus, the *Woodell* court concluded that the plaintiff was an employee and had the exclusive remedy of the Arkansas workers' compensation act.

Next, Gebhard points to the result in *Lotspeich v. Chance Vought Aircraft*, 369 S.W.2d 705 (Tex. Civ. App. 1963). In that case, the plaintiff had taken a physical examination on the defendant's premises after she was hired but within 3 days prior to beginning work. The court in *Lotspeich* held that the plaintiff was an employee at the time of the physical examination. In so holding, the court cited the fact that the physical examination was conducted on the defendant's premises, under the defendant's direction and control, and wholly for the defendant's benefit. *Id.*

Finally, Gebhard cites to *Good Samaritan Hosp. v. Jacobson*, 98 Md. App. 587, 634 A.2d 969 (1993), as support. In *Good Samaritan Hosp.*, the plaintiff was injured during a physical examination on the defendant's premises and the plaintiff filed for workers' compensation benefits. The plaintiff was paid for the time she spent at the physical examination, and the defendant withheld state and federal taxes from such pay. *Id.* In a note, with respect to the plaintiff's status at the time she went for her physical examination, the court in *Good Samaritan Hosp.* stated that "[a]dministratively, it would seem there was little else to be done to effectuate full employment." 98 Md. App. at 590 n.1, 634 A.2d at 971 n.1. Moreover, the court noted that the defendant told the plaintiff to report to the jobsite for the physical examination and paid her for the time she spent at the site for the physical. *Id.* The court held that an injury occurring during a physical examination can constitute a compensable injury.

In the cases cited by Gebhard, the employee clearly had more of a contractual relationship with the employer than a mere conditional offer of employment. In *Good Samaritan Hosp. v. Jacobson, supra*, the employee was paid for the time spent at the physical and taxes were withheld from such pay. Similarly, in *Woodell v. Brown & Root, Inc., supra*, the employer's employment records established that the plaintiff was an employee on the day of the injury and that the plaintiff had been paid for work done on that day. In *Lotspeich v. Chance Vought Aircraft, supra*, the employee had been hired and was required to take the physical before starting work. Thus, the cases cited by Gebhard are distinguishable from the facts in the instant case.

Moreover, we are guided in this case by the language of § 48-115, which requires that a person be under a contract of hire in order to be considered an employee. Whether a contract of hire is established is ordinarily a question of fact. *Kaiser v. Millard Lumber*, 255 Neb. 943, 587 N.W.2d 875 (1999). The burden of proof is upon the employee to prove the nature of the relationship. *Williams v. Williams Janitorial Service*, 207 Neb. 344, 299 N.W.2d 160 (1980); *Stephens v. Celeryvale Transport, Inc.*, 205 Neb. 12, 286 N.W.2d 420 (1979). In the instant case, the single judge effectively determined that Gebhard failed to meet her burden of proving that she was an employee of Dixie Carbonic at the

time of the alleged injury and the record supports the judge's findings. Further, Gebhard's concession that her offer of employment was conditional supports the conclusion that no contract of hire existed between Gebhard and Dixie Carbonic.

Adherence to the contractual aspect of the employer-employee relationship is mandated by § 48-115 and is in line with our prior cases. Thus, we decline to extend coverage of the Nebraska Workers' Compensation Act to claimants in the absence of a clearly established employer-employee relationship. See *Schweitzer v. American Nat. Red Cross*, 256 Neb. 350, 591 N.W.2d 524 (1999). See, also, *Younger v. City and County of Denver*, 810 P.2d 647 (Colo. 1991); *Cust-O-Fab v. Bohon*, 876 P.2d 736 (Okla. App. 1994).

■ Because Gebhard had a mere conditional offer of employment from Dixie Carbonic, we conclude that Gebhard was not under any contract of hire, pursuant to § 48-115, at the time of her alleged injury. Therefore, the Workers' Compensation Court did not have jurisdiction under the Nebraska Workers' Compensation Act to make a determination of compensability.

## CONCLUSION

Because no employer-employee relationship existed between Dixie Carbonic and Gebhard at the time of her alleged injury, we conclude that the Workers' Compensation Court did not have jurisdiction to determine compensability and, therefore, affirm the judgment of the court.

AFFIRMED.