Opinion issued April 29, 2003


















In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00679-CV




RELIANT ENERGY, INC., Appellant

V.

JANNETE GONZALEZ, AS DEPENDENT ADMINISTRATOR OF THE
ESTATE OF GUADALUPE GONZALEZ, JR., DECEASED, Appellee

* * * * *




NO. 01-02-01054-CV




JANNETE GONZALEZ, AS DEPENDENT ADMINISTRATOR OF THE
ESTATE OF GUADALUPE GONZALEZ, JR., DECEASED, Appellant

V.

RELIANT ENERGY, INC., Appellee




On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2002-21820




EN BANC OPINION ON REHEARING

          We deny the motion for rehearing filed in cause number 01-02-00679-CV by
Jannete Gonzalez (Gonzalez), as dependent administrator of the estate of Guadalupe
Gonzalez, Jr., deceased. See Tex. R. App. P. 49.3. We withdraw our en banc opinion
of September 6, 2002, substitute this opinion in its place, and vacate our previous
judgment.
          These are accelerated, interlocutory appeals


 concerning an application by
Reliant Energy, Inc. (Reliant) for an anti-suit injunction.


 In its sole issue presented
in our cause number 01-02-00679-CV, Reliant argued that the Harris County district
court abused its discretion in originally denying Reliant’s application for the anti-suit
injunction because (1) Gonzalez engaged in inequitable conduct that vested dominant
jurisdiction in the Harris County court, (2) Gonzalez’s conduct poses a threat to the
dominant jurisdiction of the Harris County court, and (3) Gonzalez’s conduct violates
Texas’s public policy against forum shopping. In cause number 01-02-01054-CV,
Reliant asserts the same arguments in support of the trial court’s September 6, 2002
order granting Reliant’s application for an anti-suit injunction.
          Under its last point, Reliant argues that “[t]he plain language of Section 15.007
of the Civil Practices and Remedies Code


 trumps the applicable venue provision of
the Probate Code.” We agree. We hold that section 15.007 controls over section 6
of the Probate Code,


 which established venue for the underlying probate proceeding
and, consequently, all suits and actions “appertaining to and incident to” the
deceased’s estate.
          We affirm, in cause number 01-02-01054-CV, the trial court’s September 6,
2002 order granting Reliant’s application for an anti-suit injunction, and accordingly,
we dismiss Reliant’s interlocutory appeal in cause number 01-02-00679-CV as moot.Background
          The deceased, Guadalupe Gonzalez, Jr., was killed in an accident while
working at a Reliant


 power plant near Houston in Harris County. He lived with his
wife, Jannete Gonzalez, and their children in Hidalgo County. Upon the death of Mr.
Gonzalez, an administration was created in the Hidalgo County statutory probate
court, and Jannete Gonzalez was appointed as the administrator of his estate.
          Gonzalez, as the administrator of the estate, relying on section 5A of the
Probate Code,


 filed wrongful death and survival claims against Reliant in the
Hidalgo County statutory probate court. When Reliant unsuccessfully moved to
transfer venue of these claims to Harris County, Gonzalez then filed the instant case
in Harris County, asserting identical claims. Gonzalez immediately requested the
Hidalgo County statutory probate court to transfer this Harris County suit to itself
under section 5B of the Probate Code.


 Reliant then applied to the Harris County
district court for an anti-suit injunction enjoining Gonzalez from prosecuting this suit
and identical claims in Hidalgo County.
          On June 26, 2002, the Harris County district court initially denied Reliant’s
application. Subsequently, in accordance with our previous en banc opinion, the trial
court granted Reliant’s application for an anti-suit injunction on September 6, 2002.
Anti-Suit Injunctions
          Texas state courts have the power to restrain persons from proceeding with
suits filed in other courts of this state by granting an “anti-suit injunction,” abating
proceedings in a second forum. Gannon v. Payne, 706 S.W.2d 304, 305 (Tex. 1986).
The general rule is that, when suit is filed in a court of competent jurisdiction, that
court is entitled to proceed to judgment and may protect its jurisdiction by enjoining
the parties to a suit filed in another court of this state. Perry v. Del Rio, 66 S.W.3d
239, 252 (Tex. 2001); Gannon, 706 S.W.2d at 305-06.
          It is well established that a trial court has the power to issue an anti-suit
injunction and that an interlocutory appeal lies from the decision to grant or deny the
injunction. See Golden Rule Ins. Co. v. Harper, 925 S.W.2d 649, 651 (Tex. 1996). 
An anti-suit injunction is appropriate to (1) address a threat to a court’s jurisdiction,
(2) prevent the evasion of important public policy, (3) prevent a multiplicity of suits,
and (4) protect a party from vexatious or harassing litigation. Id. The party seeking
the injunction must show that “a clear equity demands” the injunction. Id. The trial
court’s decision is reviewed under an abuse of discretion standard. Gannon, 706
S.W.2d at 305. A trial court abuses its discretion when it misapplies the law to the
established facts of the case. See Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241-42 (Tex. 1985).
Jurisdiction and Venue
          This case turns on questions of jurisdiction and venue. Jurisdiction concerns 
the power of a court, under the Constitution and laws, to determine the merits of an
action as between the parties and to render a judgment. Nat’l Life Co. v. Rice, 167
S.W.2d 1021, 1024 (Tex. 1943); see also 2 McDonald, Texas Civil Practice, §
6:2 (1992). Venue concerns the propriety of prosecuting a suit involving a given
subject matter and specific parties in a particular county. Nat’l Life, 167 S.W.2d at
1025; see also 2 McDonald at § 6:2.
          Both parties focus their arguments on “dominant jurisdiction.”


 Gonzalez
argues that sections 5A and 5B of the Probate Code establish dominant jurisdiction
in the Hidalgo county statutory probate court and, therefore, section 15.007 does not
preempt these “jurisdictional” provisions of the Probate Code. To understand why
this argument fails, a review of the pertinent statutory provisions is necessary. 
Statutory Construction
          Matters of statutory construction are questions of law for the court to decide. 
Johnson v. City of Fort Worth, 774 S.W.2d 653, 656 (Tex. 1989). We liberally
construe statutes to achieve their purposes and to promote justice. Maley v. 7111
Southwest Freeway, Inc 843 S.W.2d 229, 231 (Tex. App.—Houston [14th Dist.]
1992, writ denied). Our objective in construing a statute is to determine and give
effect to the intent of the lawmaking body. Liberty Mut. Ins. Co. v. Garrison
Contractors, Inc., 966 S.W.2d 482, 484 (Tex. 1998). In so doing, we look first to the
plain and common meaning of the statute’s words. Id.; see also Fitzgerald v.
Advanced Spine Fixation Sys., Inc., 996 S.W.2d 864, 865 (Tex. 1999). We also
consider the statute’s legislative history, the objective sought, and the consequences
that would flow from alternate constructions. Crown Life Ins. Co. v. Casteel, 22
S.W.3d 378, 383 (Tex. 2000).
The Probate Code
          Because the deceased actually resided in Hidalgo County, venue to administer
his estate was proper there. Tex. Prob. Code Ann. § 6 (Vernon 2003).
          Section 5A of the Probate Code, entitled “Matters Appertaining and Incident
to an Estate and Other Probate Court Jurisdiction,” confers jurisdiction on statutory
probate courts to hear wrongful death cases such as the instant case. Tex. Prob.
Code Ann. § 5A(b) (Vernon 2003); see Palmer v. Coble Wall Trust Co., Inc., 851
S.W.2d 178, 181 (Tex. 1992). Section 5A provides, in part, as follows:
All statutory probate courts may, in the exercise of their jurisdiction . . .
hear all suits, actions, and applications filed against or on behalf of any
heirship proceeding or decedent’s estate, including estates administered
by an independent executor; all such suits, actions, and applications are
appertaining to and incident to an estate.

Tex. Prob. Code Ann. § 5A(b).
          However, section 5A also recognizes that a statutory probate court “has
concurrent jurisdiction with the district court in all actions . . . by or against a person
in the person’s capacity as a personal representative.” Tex. Prob. Code Ann. § 5A
(c)(1) (Vernon 2003) (emphasis added). Here, the Hidalgo County statutory probate
court and the Harris County district court have concurrent jurisdiction over
Gonzalez’s wrongful death claim against Reliant.
          Section 5A further provides:
In situations where the jurisdiction of a statutory probate court is
concurrent with that of a district court, any cause of action appertaining
to or incident to an estate shall be brought in a statutory probate court
rather than a district court.

Tex. Prob. Code Ann. § 5A(b) (emphasis added). Recognizing concurrent
jurisdiction, and assuming proper venue, this provision confers predominance on the
statutory probate courts over district courts to hear such cases. However, section 5A
does not, as Gonzalez’s argument seems to imply, confer “exclusive” jurisdiction on
statutory probate courts to hear such cases. First State Bank of Bedias v. Bishop, 685
S.W.2d 732, 736 (Tex. App.—Houston [1st Dist.] 1985, writ ref’d n.r.e.). Nor does
section 5A dispense with the requirement that proper venue must lie for a statutory
probate court to exercise its concurrent jurisdiction.
          Also, Gonzalez’s argument that section 5B of the Probate Code is a
jurisdictional statute that trumps section 15.007 is erroneous. Gonzalez points out
that intermediate appellate courts have held that the transfer authority of section 5B,
and other provisions like it, applies notwithstanding the venue provisions of the Civil
Practice and Remedies Code. See In re Ramsey, 28 S.W.3d 58, 59-60 (Tex.
App.—Texarkana 2000, orig. proceeding); Lanier v. Stem, 931 S.W.2d 1, 3 (Tex.
App.—Waco 1996, orig. proceeding); Henry v. LaGrone, 842 S.W.2d 324, 327 (Tex.
App.—Amarillo 1992, orig. proceeding). However, the controlling difference is that
none of these cases were suits for wrongful death, personal injury, or property
damage. These cases do not address section 15.007, in which the Texas legislature
specifically stated that in three types of cases—suits for “personal injury, death, or
property damage”—the proper county for suit is determined in accordance with the
Civil Practice and Remedies Code, not the Probate Code.
          We recognize that the Austin Court of Appeals has recently held that sections
5B and 608 of the Probate Code “confer jurisdiction on the probate court.” In re
Houston Northwest Partners, Ltd., 98 S.W.3d 777, 780 (Tex. App.—Austin, 2003,
orig. proceeding). We respectfully disagree with this characterization of section 5B
as conferring jurisdiction. Section 5B of the Probate Code is entitled “Transfer of
Proceedings,” and it provides, in part, as follows:
A judge of a statutory probate court, on the motion of a party to the
action or on the motion of a person interested in an estate, may transfer
to his court from a district . . . court a cause of action appertaining to or
incident to an estate pending in the statutory probate court or a cause of
action in which a personal representative of an estate pending in the
statutory probate court is a party and may consolidate the transferred
cause of action with the other proceedings in the statutory probate court
relating to that estate.

Tex. Prob. Code Ann. § 5B (Vernon 2003) (emphasis added). This provision merely
provides the statutory probate court with a mechanism to effect its authority under
section 5A. Section 5B does not confer jurisdiction, and it also does not dispense
with the requirement that proper venue must lie for a statutory probate court to
exercise its concurrent jurisdiction.
Civil Practice and Remedies Code
          Chapter 15 of the Civil Practice and Remedies Code states the general venue
rule as follows:
 (a) Except as otherwise provided by this subchapter or Subchapter B
or C, all lawsuits shall be brought:
 
(1) in the county in which all or a substantial part of the events
or omissions giving rise to the claim occurred;
 
(2) in the county of defendant’s residence at the time the cause
of action accrued if defendant is a natural person;
 
(3) in the county of the defendant’s principal office in this
state, if the defendant is not a natural person; or
 
(4) if Subdivisions (1), (2), and (3) do not apply, in the county
in which the plaintiff resided at the time of the accrual of
the cause of action.

Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a) (Vernon 2002) (emphasis added). 
Under section 15.002, because Reliant’s principal place of business is in Harris
County and because the deceased was killed in an accident while working at a Reliant
power plant in Harris County, venue for Gonzalez’s wrongful death and survival
claims is proper only in Harris County.
          Section 15.007 expressly states that “to the extent that venue under this chapter
for a suit by or against an executor, administrator, or guardian as such, for personal
injury, death, or property damage conflicts with venue provisions under the Texas
Probate Code, this chapter controls.” Tex. Civ. Prac. & Rem. Code Ann. § 15.007
(Vernon 2002) (emphasis added).
Application of Section 15.007
          Gonzalez’s argument that sections 5A and 5B establish “dominant jurisdiction”
in the Hidalgo county statutory probate court and section 15.007 does not preempt
these “jurisdictional” provisions of the Probate Code is based on the false assumption
that sections 5A and 5B somehow dispense with the requirement of proper venue. 
It ignores the fact that the basis for the Hidalgo County statutory probate court’s
venue is section 6 of the Probate Code. Tex. Prob. Code Ann. § 6 (Vernon 2003). 
The argument focuses on dominant jurisdiction to the extent that it eclipses venue. 
However, it is axiomatic that a court cannot have “dominant jurisdiction” if it does
not have proper venue.
          The focus in regard to section 15.007 must be, as expressly stated, on venue,
not “dominant jurisdiction.” Here, based on section 6 of the Probate Code, venue was
proper in Hidalgo County for the underlying probate proceeding and, consequently,
all suits and actions “appertaining to and incident” to the estate. If the Hidalgo
County statutory probate court lacked the venue conferred on it by section 6, it could
not administer the estate and, consequently, it could not hear all suits and actions
“appertaining to and incident to” the estate.
          We hold that section 15.007 controls over section 6 of the Probate Code, which
established venue for the underlying probate proceeding and, consequently, all suits
and actions “appertaining to and incident to” the deceased’s estate. We further hold
that sections 5A and 5B of the Probate Code in no way limit the application of section
15.007 of the Civil Practice and Remedies Code.
          Our holdings are consistent with the underlying purpose of section 15.007,
which was enacted by the Texas legislature in 1995:
The 1995 Texas Legislature made substantial amendments and additions
to the venue provisions of the Civil Practice and Remedies Code. The
most important of these changes, for estate administration purposes, is
that the determination of proper venue for an action by or against a
personal representative for personal injury, death, or property damage
is no longer made under the Probate Code, but rather under §15.007 of
the Civil Practice & Remedies Code.

17 Texas Practice, Probate and Decedents’ Estates, § 11 (1971 & Supp.
2003)(emphasis added). This legislation “changed the ability of statutory probate
courts to make . . . transfers in personal injury, death, or property damage suits and
whether such suits can be filed in probate courts originally.” DB Entm’t, Inc. v.
Windle, 927 S.W.2d 283, 288 (Tex. App.—Fort Worth 1996, orig. proceeding). The
legislative intent behind section 15.007 was to prevent forum shopping:
Forum shopping is against public policy, as reflected by the changes in
venue law as part of last year’s [1995] tort reform legislation. 
Particularly, section 15.007, which appears to be a legislative attempt to
clarify and reiterate probate court jurisdiction over tort suits, prevents
plaintiffs from . . . transferring such suits (forum shopping) to probate
court in contravention of the venue statutes.

Id.
          To hold otherwise would render section 15.007 meaningless, and, under
established rules of statutory construction, we should not adopt a construction that
would render a law absurd or meaningless.


 See Chevron Corp. v. Redmon, 745
S.W.2d 314, 316 (Tex. 1998); Mueller v. Beamalloy, Inc., 944 S.W.2d 855, 860 (Tex.
App.—Houston [1st Dist.] 1999, no pet.). Thus, an anti-suit injunction was
appropriate in this case to prevent the evasion of Texas’s important public policy
against forum shopping.Conclusion
           Because venue under Chapter 15 of the Civil Practice and Remedies Code
“controls” over the applicable venue provision—section 6—of the Probate Code,
Harris County is the only county with proper venue of this case. Tex. Civ. Prac. &
Rem. Code §§ 15.002(a), 15.007. Although the Hidalgo County statutory probate
court has concurrent jurisdiction with the Harris County district court, the Hidalgo
County statutory probate court is not a “proper forum” for this wrongful death case,
in light of Reliant’s assertion of its right to be sued in Harris County.
          We hold that section 15.007 precludes the transfer of this wrongful death suit
from the Harris County district court to the Hidalgo county statutory probate court. 
Moreover, “a clear equity demands” an anti-suit injunction because Gonzalez filed
the instant case in Harris County, asserting claims identical to those already made in
the Hidalgo County statutory probate court, and then immediately requested the
Hidalgo County statutory probate court to transfer this Harris County suit to itself. 
          Thus, the Harris County district court, in its June 26, 2002 order, abused its
discretion in initially denying Reliant’s application for an anti-suit injunction against
the prosecution of the identical suit in the Hidalgo County statutory probate court. 
However, that initial order, appealed under our cause number 01-02-00679-CV, was
implicitly superseded by the trial court’s subsequent September 6, 2002 order
granting the same application for an anti-suit injunction and is no longer subject to
review. We further hold, under our cause number 01-02-01054-CV, that the Harris
County district court did not abuse its discretion in granting Reliant’s application for
an anti-suit injunction on September 6, 2002. Accordingly, under cause number 01-02-01054-CV, we affirm the September 6, 2002 order of the Harris County district
court granting Reliant’s application for an anti-suit injunction.
 

 
                                                                        Terry Jennings
                                                                        Justice

Panel consisted of Justices Mirabal,


 Taft, and Smith


 on original submission of
cause number 01-02-00679-CV.

En banc consideration was requested. Tex. R. App. P. 41.2(c).

A majority of the Court voted to grant en banc consideration.

The en banc Court, on original submission of cause number 01-02-00679-CV,
consisted of Justices Mirabal, Taft, Nuchia, Jennings, Radack, Keyes, Alcala, and
Smith.

Justice Mirabal, wrote for the majority of the en banc Court on original submission
of cause number 01-02-00679-CV, joined by Justices Nuchia, Jennings, Radack,
Keyes, and Alcala.

Justice Smith, joined by Justice Taft, dissented on original submission of cause
number 01-02-00679-CV.

Chief Justice Schneider


 and Justice Hedges, did not participate on original
submission of cause number 01-02-00679-CV.

Motion for rehearing was filed in cause number 01-02-00679-CV.

The en banc Court on rehearing of cause number 01-02-00679-CV and on original
submission of cause number 01-02-01054-CV consists of Chief Justice Radack and
Justices Hedges, Taft, Nuchia, Jennings, Keyes, Alcala, Mirabal, and Smith.

Justice Jennings, writing for a majority of the en banc Court on rehearing of cause
number 01-02-00679-CV and on original submission of cause number 01-02-01054-CV, joined by Chief Justice Radack and Justices Hedges, Nuchia, and Alcala.

Justice Keyes, concurring on rehearing of cause number 01-02-00679-CV and on
original submission of cause number 01-02-01054-CV.

Justice Mirabal, dissenting on rehearing of cause number 01-02-00679-CV and on
original submission of cause number 01-02-01054-CV, joined by Justices Taft and
Smith.

Justice Smith, dissenting on rehearing of cause number 01-02-00679-CV and on
original submission of cause number 01-02-01054-CV, joined by Justice Taft.

Justices Hanks and Higley, not participating on rehearing of cause number 01-02-00679-CV and on original submission of cause number 01-02-01054-CV.